In the Matter of Arbitration between FRANK KUTSUKIAN, Appellant, and NETTIE H. BOSSOM et al., Respondents.

First Department, February 21, 1946.

*Julius Lerner* of counsel (*Meyer Dvorkin,* attorney), for appellant.

*Maxwell Shapiro* of counsel (*Philip F. Solomon* with him on the brief), for respondents.

*Per Curiam.* Section 1462-a of the Civil Practice Act (art. 84, Arbitration) provides, so far as relevant, that the court " must make an order modifying or correcting the award, upon the application of any party to the controversy which was arbitrated:

" 1. Where there was an evident miscalculation of figures \* \* \*. The order may modify and correct the award so as to effect the intent thereof and promote justice between the parties."

On this record it is indisputable that there was a miscalculation of figures. The arbitrators intended to credit the buyers (respondents herein) with the value of the unsold milk at the current market price of $1.50 per case but in making the calcu-

lation credited the buyers with the prior contract price of $3.20 a case. By thus using the wrong multiplier in their calculation, they gave to the buyers a credit of $2,340.90 more than they had intended to give and made an award to the seller of $2,340.90 less than they had intended.

No issue of bad faith, fraud or other misconduct is raised. The court is not asked to review the merits of the award or any error in judgment in the application of the measure of damages or to correct errors of law or of fact made and intended to be made in the award by the arbitrators. The court is asked to correct only the error in calculation, that is, the use of the wrong multiplier, contrary to the unanimous intent and decision of all three arbitrators. The purpose of appellant's motion is to have the award reflect the actual intent and decision of the arbitrators. Under the provisions of the statute above quoted the court clearly had the power and the duty to correct the award " so as to effect the intent thereof and promote justice between the parties."

Under the provisions of section 1467 of the Civil Practice Act, covering appeals (as amd. by L. 1937, ch. 341, eff. Sept. 1, 1937), an appeal may be taken "from an order made in a proceeding under this article, or from a judgment entered upon an award ". Accordingly this appeal was properly taken from the order denying the motion to modify and correct the award.

The order appealed from should be reversed, with $20 costs and disbursements to appellant, the motion to correct the award granted, and the award corrected by adding thereto the sum of $2,340.90, making the total net award to petitioner the amount of $2,717.84, and as so corrected and modified the award should be confirmed.

MARTIN, P. J., TOWNLEY, GLENNON, DORE and COHN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion to correct the award granted, and the award corrected by adding thereto the sum of $2,340, making the total net award to petitioner the amount of $2,717.84. As so corrected and modified the award is confirmed. Settle order on notice.