Robert GRAHAM, on behalf of himself and others similarly situated, Plaintiffs–Appellants,

v.

Walter E. HENEGAR, individually and as Chief of the Fire Prevention & Protection Div., Ft. Bliss; MG John J. Koehler, individually and as Commander of Ft. Bliss and Clifford L. Alexander, Jr., individually and as Secretary of the Army, Defendants-Appellees.

No. 79–2177.

United States Court of Appeals, Fifth Circuit.

Unit A

March 26, 1981.

Rehearing and Rehearing En Banc.

Michael T. Milligan, El Paso, Tex., for plaintiffs-appellants.

Janet Ruesch, Asst. U. S. Atty., El Paso, Tex., Robert A. DeMetz, Litigation Div., Dept. of the Army, Washington, D. C., for defendants-appellees.

Before COLEMAN, RUBIN and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

The ultimate issue in this Fair Labor Standards Act case is whether the amount of attorney's fees requested by a plaintiff

should be included in calculating the amount of the plaintiff's claim for purposes of jurisdiction under the Tucker Act. Because we hold that attorney's fees provided for by statute should be included in determining the amount of a Tucker Act claim, and because addition of the amount of the requested attorney's fees to the basic amount of the claim in this case results in a claim exceeding $10,000, we transfer the case to the Court of Claims, the only proper forum for the suit.

In November, 1977 the appellants, a group of firefighters employed by the United States at Ft. Bliss, Texas (the firefighters), filed suit in federal district court against the United States [1] to recover unpaid overtime compensation, liquidated damages, attorney's fees and costs under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (FLSA). Though the suit clearly involved a claim against the United States founded upon an act of Congress, the firefighters did not cite the Tucker Act, 28 U.S.C. §§ 1346(a)(2),[2] 1491 [3] as the source of federal jurisdiction. Rather, in their original and first amended complaint, the firefighters relied solely on 29 U.S.C. § 216(b) and 28 U.S.C. § 1337 (commerce clause) as jurisdictional foundations for their suit.

On February 6, 1979, the district court ordered the firefighters to cite an appropriate statute waiving the United States' sovereign immunity and conferring jurisdiction over the United States. The firefighters then filed a second amended complaint citing 29 U.S.C. §§ 216(b) and 203(e)(2)(A) as jurisdictional statutes. The district court concluded that 29 U.S.C. § 216(b) created a cause of action for unpaid overtime compensation and that it constituted a waiver of sovereign immunity, but it rejected the firefighters' claim that 29 U.S.C. § 216(b), standing alone, conferred subject matter jurisdiction. It held that jurisdiction of the case would lie under 28 U.S.C. §§ 1337 and 1346(a)(2). Nevertheless, it dismissed the case for lack of subject matter jurisdiction on the basis that the firefighters "failed to properly invoke" an appropriate jurisdictional statute.

In addition, before the district court dismissed the suit for lack of subject matter jurisdiction, it denied the firefighters' untimely, January, 1979, motion for a jury trial. The court ruled that the firefighters had waived their right to a jury trial by failing to make a timely request for jury trial and, noting the crowded condition of its civil docket, refused to exercise its discretion to grant the motion.

On appeal, the firefighters contend that the district court erred in dismissing their suit and in denying their untimely request for jury trial. Recognizing that 28 U.S.C. § 2402 bars jury trials in Tucker Act cases, the firefighters attempt to avoid that statutory restriction by invoking alternative jurisdictional bases for the suit, including 28 U.S.C. §§ 1331 (federal question) and 1337

---

1. The suit was originally brought against certain federal officials, individually and in their official capacities, but it became a suit against the United States when the firefighters amended their complaint to name the United States as defendant and "abandon[ed] any attempt to recover from the other [d]efendants individually." Brief for Appellants at 2–3. *See Unimex, Inc. v. HUD,* 594 F.2d 1060 (5th Cir. 1979) (suits against United States officers in official capacity for money damages that would be paid from the public treasury are suits against the United States).

2. 28 U.S.C. § 1346(a) provides in pertinent part:

    (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

    .    .    .    .    .

    (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . .

3. 28 U.S.C. § 1491 provides in pertinent part:

    The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . .

(commerce clause). They maintain that the FLSA and the Seventh Amendment entitle them to a jury trial, and that the district court erred in denying their motion for a jury trial absent compelling reasons to support the denial. The Government, on the other hand, argues that the firefighters are not entitled to trial by jury because the Tucker Act is the sole basis of jurisdiction, and that even if some statute other than the Tucker Act confers jurisdiction on the district court, no right to jury trial in a suit against the United States exists under the FLSA or the Seventh Amendment. In the alternative, the Government maintains that even if the firefighters were entitled to a jury trial, the district court did not abuse its discretion in denying the firefighters' untimely request for a trial by jury.

The arguments raised on appeal by the firefighters and the Government's response to those arguments operate on the assumption that the firefighters' claim against the United States does not exceed $10,000, for district court jurisdiction over Tucker Act cases is limited to claims "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2). We find, contrary to the assumption of the litigants and the court below,[4] that the firefighters' claim against the United States is for more than $10,000, and settled law requires such a suit to be brought solely in

the Court of Claims. Resolution of the issues on appeal as framed by the firefighters is unnecessary because, regardless of the merits of those particular issues, the district court lacked jurisdiction over this lawsuit.

■ The Tucker Act grants concurrent jurisdiction to the district courts and the Court of Claims over non-tort claims for money damages against the United States "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2). By virtue of the fact that district court jurisdiction over such suits is limited to claims not exceeding $10,000, and that 28 U.S.C. § 1491 grants the Court of Claims jurisdiction over all such suits regardless of the amount of the claim, the Court of Claims has exclusive jurisdiction over all non-tort claims for money damages against the United States for over $10,000.[5] Because adjudication in a federal district court of a lawsuit that falls within the exclusive jurisdiction of the Court of Claims would seriously undermine the purposes of the Tucker Act, courts confronting the issue have consistently held that the Court of Claims is the sole forum for the adjudication of such a claim, even though the claim would otherwise fall within the coverage of some other statute conferring jurisdiction on the district court.[6] Since the

---

4. Though neither the parties nor the district court raised this issue, our duty to consider it *sua sponte* is well established. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511–14, 93 S.Ct. 2222, 2225–2227, 37 L.Ed.2d 109 (1973); Fed.R.Civ.P. 12(h)(3).

5. *See, e. g., Sheehan v. Army & Air Force Exchange Service*, 619 F.2d 1132, 1137 n.7 (5th Cir. 1980); *A. L. Rowan & Son, etc. v. Department of Housing*, 611 F.2d 997 (5th Cir. 1980); *Lee v. Blumenthal*, 588 F.2d 1281 (9th Cir. 1979); *Estate of Watson v. Blumenthal*, 586 F.2d 925 (2d Cir. 1978); *Cook v. Arentzen*, 582 F.2d 870, 873 (4th Cir. 1978); *American Science & Engineering, Inc. v. Califano*, 571 F.2d 58 (1st Cir. 1978); *Atkins v. United States*, 556 F.2d 1028, 1036, 214 Ct.Cl. 186 (1977), *cert. denied*, 434 U.S. 1009, 98 S.Ct. 718, 54 L.Ed.2d 751 (1978); *Polos v. United States*, 556 F.2d 903, 905 (8th Cir. 1977); *International Engineering Co. v. Richardson*, 512 F.2d 573, 577 (D.C. Cir. 1975), *cert. denied*, 423 U.S. 1048, 96 S.Ct. 774, 46 L.Ed.2d 636 (1976); *Carter v. Seamans*, 411 F.2d 767 (5th Cir. 1969), *cert.*

*denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970); *Blanchard v. St. Paul Fire & Marine Ins. Co.*, 341 F.2d 351, 358 (5th Cir.), *cert. denied*, 382 U.S. 829, 86 S.Ct. 66, 15 L.Ed.2d 73 (1965); *Armor Elevator Co. v. Phoenix Urban Corp.*, 493 F.Supp. 876, 881 (D. Mass. 1980).

6. *See Lee v. Blumenthal*, 588 F.2d at 1281–83 (Tucker Act precludes APA and § 1331 district court jurisdiction over non-tort claims against the United States exceeding $10,000); *Estate of Watson*, 586 F.2d at 928–29, 932–34 (Tucker Act precludes § 1331 district court jurisdiction over non-tort claims against the United States exceeding $10,000); *Cook*, 582 F.2d at 873–75, 878 (Tucker Act precludes § 1331, mandamus and APA district court jurisdiction in non-tort suit against the United States for money damages in excess of $10,000); *American Science*, 571 F.2d at 62–63 (Tucker Act precludes APA and § 1331 district court jurisdiction over contract claims against the United States exceeding $10,000); *Polos*, 556 F.2d at 905 n.5 (Tucker Act precludes, inter alia, § 1331 and mandamus district court jurisdiction over non-tort claims

instant suit plainly falls within the coverage of the Tucker Act, the Court of Claims is the sole forum for adjudication of this lawsuit *if* the firefighters' claim exceeds $10,000 in amount, even though other jurisdictional statutes such as 28 U.S.C. §§ 1331 and 1337 would otherwise allow the suit to be tried in district court.

■ To determine whether this suit involves a claim for over $10,000, we must look to the relief requested in the firefighters' complaint. Pursuant to the provisions of 29 U.S.C. § 216(b), the firefighters' complaint asks for statutory damages of no more than $10,000 for each firefighter *plus* attorneys' fees.[7] Therefore, the question whether the firefighters' claim is for over $10,000 turns on whether a request for attorney's fees provided for by statute should be included in determining the amount of a Tucker Act claim. Though the precise question whether attorney's fees should be included in calculating the amount of a claim for Tucker Act jurisdictional purposes is one of first impression, the answer is not a difficult one. In our view, two major

reasons compel the conclusion that attorney's fees, when provided for by statute, must be included in determining the amount of a Tucker Act claim—the structure of the Tucker Act, and the federal courts' treatment of attorney's fees under other jurisdictional statutes (such as 28 U.S.C. §§ 1331 and 1332) which require calculation of the amount of the "matter in controversy."

■ The Tucker Act provides that a "civil action or claim ... not exceeding $10,000" may be brought in the district court or the Court of Claims, but it supplies no definition of the scope of the terms "civil action or claim." This is so because the Tucker Act "is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Rather, the Tucker Act "merely confers jurisdiction ... whenever the substantive right exists." *Id.* Therefore, the scope of a Tucker Act claim must

for damages against the United States in excess of $10,000); *Warner v. Cox*, 487 F.2d 1301, 1305–06 (5th Cir. 1974) (non-tort claim against the United States for over $10,000 cannot be maintained in district court under APA because, inter alia, it would "destroy the Court of Claims by implication;" exercise by district court of jurisdictional ground other than Tucker Act might be appropriate, however, where "injunctive relief [has] the *incidental* effect of requiring payment to be made by the United States") (emphasis added); *Carter*, 411 F.2d at 772–76 (mandamus and declaratory judgment jurisdiction in district court must be declined in non-tort suit for money damages over $10,000 because, inter alia, exercising district court jurisdiction would interfere with exclusive jurisdiction of Court of Claims over such suits); *Armor Elevator*, 493 F.Supp. at 885–90. *Cf. International Engineering*, 512 F.2d at 578 (contract suit against United States for over $10,000 must be brought in Court of Claims; APA jurisdiction in district court is inappropriate because, inter alia, it would "result in the destruction of the Court of Claims by implication"). *But see Bor-Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181–82 (8th Cir. 1978) (contract suit against Secretary of HUD for over $10,000 may properly be removed to and maintained in district court under 28 U.S.C. § 1442(a)(1); Tucker Act does not foreclose § 1442(a)(1) jurisdiction because Court of Claims jurisdiction

over claims against United States in excess of $10,000 is *not* exclusive); *Trans-Bay Engineers & Builders, Inc. v. Hills* 551 F.2d 370 (D.C. Cir. 1976) (by virtue of 12 U.S.C. § 1702, Secretary of HUD may be sued on contract claim for over $10,000 in district court under diversity and federal question jurisdiction, and need not invoke Tucker Act).

*Industrial Indemnity, Inc. v. Landrieu*, 615 F.2d 644 (5th Cir. 1980), is not in conflict with this principle. There, we held that the district court had jurisdiction over a contractor's assignee's suit for over $10,000 against the Secretary of HUD under 28 U.S.C. § 1331. The reason for our holding that the district court had § 1331 jurisdiction was that because the judgment would be paid out of a "separate fund" within HUD's control, the suit was against the Secretary of HUD and not the United States and, therefore, the Tucker Act was inapplicable. Indeed, we specifically noted that had the suit been one against the United States, it "could not be brought in federal district court." *Id.* at 646.

7. The firefighters' second amended complaint requests unpaid overtime compensation in an amount no more than $5,000 for each firefighter plus an equal amount in statutory liquidated damages, *see* 29 U.S.C. § 216(b), plus reasonable attorney's fees.

be determined by looking to the source of the substantive right upon which the claim is based. Only when the source of the substantive right for which the Tucker Act supplies jurisdiction provides for attorney's fees over and above the amount of damages should attorney's fees be added to the amount of damages claimed in calculating the amount in controversy. In this case, the source of the firefighters' cause of action, 28 U.S.C. § 216(b), specifically provides for an award of attorney's fees to a prevailing plaintiff in addition to recovery of unpaid overtime compensation and liquidated damages.[8] Since the source of the firefighters' substantive rights grants a substantive right to recover attorney's fees in addition to the basic amount of the claim for damages, we conclude that attorney's fees must be included in calculating the amount of the firefighters' claim.

This result is strongly supported by the rules developed by federal courts in dealing with other jurisdictional statutes which require calculation of the amount in controversy but which do not themselves define the scope of the "matter in controversy." In determining whether attorney's fees should be included in calculating the amount in controversy for purposes of 28 U.S.C. §§ 1331 and 1332, courts have consistently held that although attorney's fees are generally not included, attorney's fees should be included where they are provided for by contract or statute.[9] Thus, settled law developed in the context of analogous jurisdictional statutes strongly supports a finding that the attorney's fees requested by the firefighters must be included for purposes of calculating the amount of their Tucker Act claim.

Because inclusion of the amount of any reasonable attorney's fee in calculating the amount of the firefighters' Tucker Act claim results in an amount exceeding $10,000, it follows that the district court lacked jurisdiction and that the Court of Claims is the sole forum for adjudication of the suit. Under 28 U.S.C. § 1406(c), a case within the exclusive jurisdiction of the Court of Claims erroneously brought in the district court may be transferred to the Court of Claims "in the interest of justice." We have the authority to effect the transfer directly, *Dr. John T. MacDonald Foundation, Inc. v. Califano*, 571 F.2d 328, 332 (5th Cir.), *cert. denied*, 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978). Therefore, we hereby transfer this case to the Court of Claims in Washington, D. C. *See Russell v. LEAA*, 637 F.2d 354, 356 (5th Cir. 1981); *A. L. Rowan & Son, etc. v. Department of Housing*, 611 F.2d 997, 1001 (5th Cir. 1980).

TRANSFERRED to Court of Claims, 28 U.S.C. § 1406(c).

---

**8.** Indeed, this Circuit has held that an award of attorney's fees to a prevailing plaintiff in an FLSA suit is mandatory. *See Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).

**9.** *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933); *Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354 (1913); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471 (1st Cir. 1979); *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167 (6th Cir. 1975); *Sedivy v. Richardson*, 485 F.2d 1115, 1122 n.3 (3d Cir. 1973) (Adams, J., concurring), *cert. denied*, 421 U.S. 910, 95 S.Ct. 1559, 43 L.Ed.2d 774 (1975); *Givens v. W. T. Grant Co.*, 457 F.2d 612, 614 (2d Cir.), *vacated on other grounds*, 409 U.S. 56, 93 S.Ct. 451, 34 L.Ed.2d 266, *modified*, 472 F.2d 1039 (2d Cir. 1972); *Premier Industrial Corp. v. Texas Industrial Fastener Co.*, 450 F.2d 444, 447 (5th Cir. 1971); *Batts Restaurant, Inc. v. Commercial Ins. Co. of Newark*, 406 F.2d 118, 120 (7th Cir. 1969); *Cupples Co. Mfrs. v. Farmers & Merchants State Bank*, 390 F.2d 184 (5th Cir. 1968); *Peacock & Peacock, Inc. v. Stuyvesant Ins. Co.*, 332 F.2d 499 (8th Cir. 1964); 1 Moore's Federal Practice § 0.99[2], at 981–83 (2d ed. 1980); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3712 at 505–07 (1976).