Teri S. HUDDLESTON, Plaintiff,

v.

Raymond J. DONOVAN, Defendant.

No. 81 C 2177.

United States District Court,
N. D. Illinois, E. D.

Sept. 2, 1981.

Robert A. Filpi and Mark D. DeBofsky of Stack & Filpi, Chicago, Ill., for plaintiff.

Dan K. Webb, Acting U. S. Atty., and Gail L. Ginsberg, Asst. U. S. Atty., for defendant.

Phyllis B. Dolinko, Office of the Sol., U. S. Dept. of Labor, Chicago, Ill., on the brief.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Teri S. Huddleston ("Huddleston") sues her former employer, the Secretary of the United States Department of Labor (the "Secretary"), claiming the Secretary violated the Equal Pay Act of 1963, 29 U.S.C. § 206(d),[1] by compensating her at a level lower than that of a male counterpart allegedly doing "substantially equal work." Though Huddleston does not pray for a specific amount of damages, both parties agree the amount sought—to be determined by an accounting and to include attorney's fees and costs—exceeds $10,000.

In his answer the Secretary asserts this Court's lack of subject matter jurisdiction as a first affirmative defense. His position is that the Tucker Act, 28 U.S.C. § 1346(a)(2),[2] vests in the Court of Claims exclusive jurisdiction of non-tort claims against the United States in excess of $10,-000. Huddleston has moved to strike that defense, asserting that FLSA Section 216(b) ("Section 216(b)") as amended in 1974 makes Equal Pay Act claims an exception to the Tucker Act.[3] For the reasons stated in this memorandum opinion and order

---

1. That Act is incorporated into the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

2. Section 1346(a)(2) states:
   (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
   * * * * * *
   (2) Any other civil action or claim against the United States, *not exceeding $10,000* in amount, founded upon the Constitution, or any Act of Congress . . . or for liquidated or unliquidated damages in cases not sounding in tort. . . .

That grant of concurrent jurisdiction imports exclusive jurisdiction in the Court of Claims for larger claims under 28 U.S.C. § 1491.

3. Section 216(b) states:
   Any employer who violates the provisions of Section 206 [the Equal Pay Act] . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as *liquidated damages* . . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained

Huddleston's motion to strike is denied and this action is transferred to the United States Court of Claims.

Huddleston maintains that Section 216(b) both (1) constitutes a waiver of the United States' sovereign immunity in Equal Pay Act cases [4] and (2) confers jurisdiction upon the district courts over such cases regardless of amount. Department concedes the first but contests the second of those contentions. In that respect Huddleston argues that the language of Section 216(b) plainly confers jurisdiction—stressing the underscored language:

> An action . . . may be maintained against any employer (including a public agency) in any Federal or State Court of competent jurisdiction.

Department responds that under the Tucker Act only the Court of Claims is of "competent jurisdiction" over any non-tort action seeking over $10,000 against the United States.

Only one Court has addressed the issue directly.[5] In *Graham v. Henegar*, 640 F.2d 732 (5th Cir. 1981), plaintiff firefighters employed by the United States at Ft. Bliss, Texas filed an FLSA action to recover unpaid overtime compensation and liquidated damages. Their complaint cited Section 216(b) and 28 U.S.C. § 1337 (actions under the commerce clause) as the jurisdictional bases for bringing the action in the District Court. After concluding that the claims exceeded $10,000 the Court of Appeals held *sua sponte* that the District Court lacked jurisdiction due to Tucker Act limitations (640 F.2d at 734):

> Because adjudication in a federal district court of a lawsuit that falls within the exclusive [over $10,000] jurisdiction of the Court of Claims would seriously undermine the purposes of the Tucker Act, courts confronting the issue have consistently held that the Court of Claims is the sole forum for the adjudication of such a claim, even though the claim would otherwise fall within the coverage of some other statute conferring jurisdiction on the district court.

Huddleston asserts *Graham* is simply wrong. She relies instead on *Trans-Bay Engineers and Builders, Inc. v. Hills*, 551 F.2d 370 (D.C.Cir.1976) and *Bor-Son Building Corp. v. Heller*, 572 F.2d 174 (8th Cir. 1978). Those cases held district courts had jurisdiction over suits against the Department of Housing and Urban Development for housing construction subsidies, even though the subsidies sought exceeded $10,000. Huddleston also urges that the legislative history of the 1974 amendments to the Equal Pay Act (in which the language on which Huddleston seeks to rely was added to the statute) undermines *Graham*.

*Trans-Bay* and *Bor-Son* do support Huddleston's position analytically (despite differences in the legislation involved):[6]

1. Both those Courts held that the *jurisdictional* scheme of the Tucker Act applies only when that Act *also* pro-

---

against any employer (including a public agency) in any Federal or State Court of competent jurisdiction.

4. "Public agency" and "employee" as defined in Sections 203(d) and (e) encompass most federal agencies and their employees. Department does not dispute on sovereign immunity grounds the applicability of Section 216(b) to this action.

5. *Cooper v. McKinney*, 84 CCH Lab. Cas. ¶ 33,697 (D.C.D.C.1978) also dismissed an FLSA $20,000 damage claim, finding exclusive jurisdiction in the Court of Claims. However plaintiff there did not assert, and the District Court therefore did not consider, the contention advanced by Huddleston here.

6. In his memorandum opposing Huddleston's motion to strike the Secretary distinguishes those cases because National Housing Act cases involve recovery not against the United States Treasury but against discretionary funds in the control of the Secretary of HUD. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 35–36 (2d Cir. 1979). Because contract obligations not payable out of appropriated funds are not direct government obligations, the Secretary posits that Tucker Act exclusivity is not mandated in HUD cases as it is in FLSA damage actions. That distinction was specifically made by the Court of Appeals for the Fifth Circuit in *Graham*, 640 F.2d at 734–35 n.6, distinguishing its own earlier decision in *Industrial Indemnity, Inc. v. Landrieu*, 615 F.2d 644, 646 (5th Cir. 1980).

vides the sole basis for the asserted waiver of sovereign immunity.

2. Both also held that Section 1702 of the National Housing Act, 12 U.S.C. § 1702,[7] constituted a waiver of sovereign immunity independent of the Tucker Act.

3. Finally in each action the Court found a basis for federal subject matter jurisdiction outside the Tucker Act—in *Trans-Bay*, 28 U.S.C. §§ 1332 and 1331, and in *Bor-Son*, 28 U.S.C. § 1442(a)(1).

Accordingly, those courts reasoned, the Tucker Act limitation did not apply. Huddleston urges an analogous basis for Tucker Act inapplicability, asserting a waiver of sovereign immunity under Section 216(b) and district court jurisdiction under that provision, 28 U.S.C. §§ 1331 and 1337.[8]

That reasoning is fatally flawed as it would apply to this case. Section 216(b) is only the beginning, not the end, of the analysis. It creates a waiver of sovereign immunity but does not *itself* confer jurisdiction, referring instead to courts of "competent jurisdiction." Thus Section 216(b) must look elsewhere—to the jurisdiction-conferring sections of the law—to determine just what federal courts satisfy that standard. Huddleston points to two sections of Chapter 85 ("District Courts; Jurisdiction") of Title 28:

§ 1331—The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.[9]

§ 1337(a)—The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies....

That argument proves too much, for it would permit this Court to take jurisdiction over *any* suit for *any* amount against the United States, so long as in the first instance it arose under any "law" of the United States and in the second it arose under any "Act of Congress regulating commerce." Such a literal and unrestricted construction would effectively read the Tucker Act—part of the same chapter of Title 28, it should be remembered—out of the Judicial Code, for *it* gives this Court jurisdiction over non-tort damage suits against the United States only where $10,000 or less is sought, and *it too* requires that the action be founded upon an "Act of Congress."[10] To give full meaning to *all* the jurisdiction-granting provisions of the Code, it is really necessary to read them together. In effect that means reading Sections 1331 and 1337 (and indeed any other generalized grants of jurisdiction) as though they said "except as otherwise provided in Section 1346" (a specialized grant of jurisdiction for suits in which the United States is defendant). Though not wholly analogous, our Court of Appeals has only last week espoused a comparable analysis in

---

7. Section 1702 states that in carrying out the provisions of the national housing laws the Secretary of HUD shall "be authorized in his [her] official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal."

8. Legislative history of the 1974 amendments to the Equal Pay Act is inconclusive. Their primary goal was to authorize federal court suits by state employees, previously prohibited under *Employees of the Department of Public Health and Welfare of Missouri v. Department of Public Health and Welfare of Missouri*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed. 251 (1973). That legislative intent, without more, appears neither to support nor to detract from either party's position in this litigation.

9. This current version of Section 1331, effective December 1, 1980, differs from the most recent prior amendment only by eliminating the amount-in-controversy requirement in federal question cases generally. As to jurisdiction in cases against the United States—the issue involved in this opinion—the statute has been in the present form (with no amount-in-controversy provision) since 1976.

10. As the Supreme Court said in *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976):

The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. The Court of Claims has recognized that the Act merely confers jurisdiction upon it whenever the substantive right exists.

applying venue statutes. *International Travelers Cheque Co. v. Bankamerica Corp.*, 660 F.2d 215, 217–218 (7th Cir. Aug. 26, 1981).

Finally, although legislative omissions are not always the best guide to legislative intention, such an inquiry is instructive here. Had Congress intended to confer jurisdiction on the district courts over *all* Equal Pay Act cases against the United States, it could have done so explicitly. Instead it required reference to other statutes to determine which federal courts possess "competent jurisdiction." For that purpose all incidents of reference to such other statutes—including the limitation imposed by the Tucker Act—must be taken into account.[11]

### Conclusion

Huddleston's motion to strike Department's first affirmative defense is denied. This action is transferred to the United States Court of Claims under the authority of 28 U.S.C. § 1406(c).

---

11. In *McClendon v. Blount*, 452 F.2d 381 (7th Cir. 1971), our Court of Appeals approved a Fifth Circuit decision holding that the Tucker Act limitation applies to actions brought under the federal mandamus statute, 28 U.S.C. § 1361:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States ... to perform a duty owed to the plaintiff.

Section 1361 raises a much stronger argument for inapplicability of the Tucker Act than does Section 216(b), for in literal terms it could be read as vesting completely unrestricted jurisdiction over mandamus claims in the district courts. Our Court of Appeals' statement that the Tucker Act applies to such actions indicates that the hurdle of overcoming the Tucker Act is a high one indeed.