**Jan S. MONNINGH, Plaintiff,**

v.

**SECRETARY OF the ARMY, et al., Defendants.**

**No. 81 C 2701.**

United States District Court, N. D. Illinois, E. D.

Nov. 6, 1981.

Sidney Ezra, Chicago, Ill., for plaintiff.

Michael S. O'Connell, Asst. U. S. Atty., Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Jan S. Monningh ("Monningh") sues the Secretary of the Army and Monningh's commanding officer at Fort Sheridan, Illinois [1] claiming that Monningh was improperly released from active duty in 1974.[2] Monningh seeks reinstatement to active duty, retroactive promotion to the rank of Lieutenant Colonel, back pay and benefits and a retirement election.

Defendants have moved to dismiss or alternatively to transfer this action to the United States Court of Claims for want of subject matter jurisdiction in this Court. Monningh has neither adhered to the briefing schedule established by the Court (his brief was due 30 days ago) nor appeared at the previously-set status call.[3] For the reasons stated in this memorandum opinion and order, defendants' alternative motion is

---

1. Defendants are sued in their official capacities. Under the circumstances of this case that is equivalent to a suit against the United States.

2. Monningh's release followed his being passed over for promotion by two consecutive promotion selection boards. Monningh's theory, relying on *Dilley v. Alexander*, 603 F.2d 914 (D.C. Cir.1979), is that selection boards that did not include reserve officers were illegally constituted, making his release invalid.

3. Non-filing of Monningh's brief permits the Court under Local General Rule 13(b) to grant defendants' motion without further hearing. Non-appearance at the status date (set at the same time as the briefing schedule) bespeaks not only a lack of courtesy on counsel's part but a disinterest in the litigation that would have justified a dismissal for want of prosecution (which under Fed.R.Civ.P. 41(b) would have been with prejudice).

granted and the case is transferred to the Court of Claims.

If Monningh is right on the law and consideration by differently-constituted promotion selection boards is required, what will have been accomplished is a deferral of Monningh's release from active duty (Monningh would have the right to retire now) and an entitlement to the financial rewards accruing as a result. Though Monningh nominally seeks relief in addition to money, his claim is essentially for damages, with the other matters being collateral. Thus under 28 U.S.C. § 1491 the Court of Claims (assuming it is otherwise the appropriate jurisdictional forum) would have power to grant Monningh full relief:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

This case is essentially on all fours with *Denton v. Schlesinger*, 605 F.2d 484, 486 (9th Cir. 1979):

> Looking behind the labels and generalizations of their complaint, plaintiffs have essentially requested two things. First, they want money damages for their early and allegedly illegal termination from the military. And, second, they want to be restored to their former positions, with all of the wages, retirement benefits, and other remunerations which are attendant to that status.

Under such circumstances the Tucker Act, 28 U.S.C. § 1346(a)(2), vests exclusive jurisdiction over any money claim in excess of $10,000. *Denton; Cook v. Arentzen*, 582 F.2d 870 (4th Cir. 1978); *Carter v. Seamans*, 411 F.2d 767, 771 (5th Cir. 1969), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970); and a host of other cases so hold. See most recently *Preston v. Alexander*, No. 80-2561 (D.D.C.Aug. 31, 1981). Monningh's own Complaint asserts an amount in controversy exceeding $10,000, compelling application of the Tucker Act.[4]

*Conclusion*

As already indicated Monningh's conduct (or more accurately non-conduct) of this litigation might well have led to dismissal for want of jurisdiction or for want of prosecution. Instead this action is transferred under the authority of 28 U.S.C. § 1406(c) to the United States Court of Claims, where the Court trusts the matter will be addressed by Monningh and his counsel in the manner to which all litigation and all courts are entitled.

---

4. This Court recently dealt with some of the more arcane questions posed by the Tucker Act in *Huddleston v. Donovan*, 524 F.Supp. 179 (Sept. 2, 1981). This case and the conclusion expressed in the text are much more straightforward.