George A. KELLER, Plaintiff-Appellee,

v.

MERIT SYSTEMS PROTECTION BOARD,

and

James M. Beggs, Administrator, National Aeronautics and Space Administration, Defendants-Appellants.

No. 81–7696

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 21, 1982.

---

Frank W. Donaldson, U. S. Atty., Caryl P. Privett, Asst. U. S. Atty., Birmingham, Ala., for defendants-appellants.

George A. Keller, pro se.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

In June 1972, appellee George Keller was involuntarily terminated from his employment as an aerospace engineer for the National Aeronautics and Space Administration (NASA) pursuant to a reduction in force within that agency. He appealed the termination decision to the United States Civil Service Commission, which upheld the termination. After exhausting his administrative remedies, appellee filed a pro se complaint in federal district court asserting in essence that the Commission's[1] decision was arbitrary and unsupported by the evidence and seeking reinstatement and backpay accruing from the date of termination. The court entered judgment for appellee, holding that the Commission's failure to respond to several issues raised by appellee and its application of an incorrect legal standard to another rendered its decision arbitrary and violated appellee's right to due process. Accordingly, the court remanded the case to the Commission with instructions to respond to and make findings on the contested issues. On remand, the Commission again upheld the termination and denied appellee relief. Appellee sought review in the district court, which reversed the decision of the Commission on the ground that it was unsupported by the evidence and ordered reinstatement of appellee with backpay. The Commission appealed.

The Commission challenges the district court decision on several grounds including that the district court was without jurisdiction to adjudicate appellee's claim. The Commission relies on the Tucker Act (current version codified at 28 U.S.C. §§ 1346, 1491 and other scattered sections). The pertinent parts of that act provide the Court of Claims with jurisdiction over nontort claims against the United States[2] and

1. The Civil Service Commission was reorganized into the Office of Personnel Management and the Merit Systems Protection Board pursuant to the Civil Service Reform Act of 1978, Pub.L.No. 95–454, 92 Stat. 1111 (1978). The latter was thereafter substituted as party defendant in this case.

2. 28 U.S.C. § 1491 provides in part:

The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliqui-

dated damages in cases not sounding in tort.... To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.

confer concurrent jurisdiction on federal district courts over such claims not exceeding $10,000 in amount.[3] Appellant contends that because the backpay award appellee seeks will exceed $10,000[4] his backpay claim is within the exclusive jurisdiction of the Court of Claims. Appellant asserts that the district court further erred by ruling on the reinstatement issue because its adjudication of the reinstatement claim indirectly decides the backpay claim thus undermining the province of the Court of Claims.

■ Our first duty is to determine whether this case is properly within the subject matter jurisdiction of the district court. *Mansfield, Coldwater & Lake Michigan Railway v. Swan*, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884). *See* Fed.R.Civ.P. 12(h)(3). Appellee cites a variety of statutory provisions that he claims supported the district court's exercise of jurisdiction. Most of these simply do not authorize jurisdiction. For example, appellee's contention that jurisdiction was authorized by the Administrative Procedure Act, 5 U.S.C. §§ 701–706 was rejected by the Supreme Court in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Appellee asserts that a cause of action under 5 U.S.C. §§ 3501–3504 (Veterans' Preference Act) and *id.* § 5596 (Backpay Act) is cognizable under the general federal question jurisdiction, 28 U.S.C. § 1331. The former Fifth Circuit and other circuits have held that the Tucker Act's grant of jurisdiction to district courts over damages claims against the United States not exceeding $10,000, by implication, renders exclusive the Court of Claims' jurisdiction over claims against the United States exceeding that amount. *Graham v. Henegar*, 640 F.2d 732, 734–35 & nn. 5–6 (5th Cir. 1981) (and cases cited therein).[5] "The Court of Claims is the sole forum for the adjudication of [a claim against the United States exceeding $10,000], even though the claim would otherwise fall within the coverage of some other statute conferring jurisdiction on the district court." *Id.* at 734. *See also Carter v. Seamans*, 411 F.2d 767 (5th Cir. 1969), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970) (no jurisdiction over backpay and reinstatement claim of discharged Air Force captain under mandamus statute since Tucker Act provides adequate remedy in Court of Claims). Because appellee's backpay claim exceeded $10,000 at the time he initiated this action, see note 4 *supra*, the district court was without jurisdiction to adjudicate that claim.

■ The question remains whether even if adjudication of appellee's backpay claim is beyond the power of the district court, the court's decision of his right to reinstatement was proper. We conclude that it was not. Appellee's entitlement to reinstatement is based on the same factual predicate as his right to backpay. Moreover, he asserts essentially the same legal bases for both forms of relief. In short, although he seeks two types of relief he presents but

---

**3.** 28 U.S.C. § 1346(a)(2) provides in part:

   (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

   (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, ...

**4.** Appellant submits figures indicating that backpay accruing from the date of appellee's termination in June 1972 through August 1981, less various retirement and other benefits received by him during that period, totals $106,-708.26. Appellee does not contest these figures. When appellee filed this action in 1975,

three years had passed from the date of his termination. Although appellee's pro se complaint did not specifically state the amount of the backpay he sought, simple division indicates that an award based on three years of backpay would have exceeded $10,000. Hence, as of the date of the initial complaint, which is the relevant document for determining subject matter jurisdiction, *see Carter v. Seamans*, 411 F.2d 767, 770–71 & n.4 (5th Cir. 1969), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970), appellee's backpay claim against the Commission exceeded $10,000.

**5.** The Eleventh Circuit adopted the decisions of the former Fifth Circuit as precedent in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

one claim. The district court's resolution of appellee's right to reinstatement effectively disposed of all issues concerning his right to backpay except the amount. Hence such adjudication by the district court substantially infringed on the Court of Claims' exclusive jurisdiction over appellee's backpay claim. Many cases have held that a government employee alleging wrongful discharge and seeking both backpay and nonmonetary relief must adjudicate his entire action in the Court of Claims. *E.g., Sheehan v. Army and Airforce Exchange Service,* 619 F.2d 1132, 1137 n. 7 (5th Cir. 1980), rev'd on other grounds, —— U.S. ——, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982) (plaintiff amended complaint on appeal waiving request for monetary relief in excess of $10,000); *Denton v. Schlesinger,* 605 F.2d 484 (9th Cir. 1979) (backpay, damages and reinstatement); *Cook v. Arentzen,* 582 F.2d 870 (4th Cir. 1978) (backpay, damages, and reinstatement); *Polos v. United States,* 556 F.2d 903 (8th Cir. 1977) (backpay and injunction to allow plaintiff to participate in retirement program); *Mathis v. Laird,* 483 F.2d 943 (9th Cir. 1973) (backpay and promotion). The cases reaching the opposite result are distinguishable. *E.g., Sheehan v. Army and Airforce Exchange Service,* 619 F.2d 1132, 1137 n. 7 (5th Cir. 1980), rev'd on other grounds, —— U.S. ——, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982) (plaintiff amended complaint on appeal waiving request for monetary relief in excess of $10,000); *see, e.g., Beller v. Middendorf,* 632 F.2d 788, 799 (9th Cir. 1980), *cert. denied,* 454 U.S. 855, 102 S.Ct. 304, 70 L.Ed.2d 150 (1981) (primary relief sought by plaintiffs was nonmonetary relief of type Court of Claims not empowered to grant); *Glines v. Wade,* 586 F.2d 675 (9th Cir. 1978), *rev'd on other grounds,* 444 U.S. 348, 100 S.Ct. 594, 62 L.Ed.2d 540 (1980) (same); *Giordano v. Roudebush,* 617 F.2d 511 (8th Cir. 1980) (plaintiff's backpay claim was worth only $6,000 at time suit was filed);

*White v. Bloomberg,* 501 F.2d 1379, 1384 n.6 (4th Cir. 1974) (suit brought against Post Office under special jurisdictional act).

 Where we determine that a case should be adjudicated in the Court of Claims, we have the authority to transfer it there directly "in the interest of justice" rather than dismissing the suit. *Graham v. Henegar,* 640 F.2d at 736; *Dr. John T. MacDonald Foundation v. Califano,* 571 F.2d 328, 332 (5th Cir.) (en banc), *cert. denied,* 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978). We conclude that such transfer is the appropriate disposition of this action.[6]

TRANSFERRED to Court of Claims, 28 U.S.C. § 1406(c).

---

6. We reach this disposition because we are persuaded by the authorities cited that it is the legally correct one. However, we note that appellant, in the interest of judicial economy and to avoid undue prejudice to the claimant, should have raised this jurisdictional challenge earlier in the proceedings. Appellant's procrastination in this and other respects has placed upon the district court and appellee unnecessary and regrettable burdens.