Rhonnie J. MOLDEN and Patricia A.
Roderick, Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 376–84C, 377–84C.

United States Claims Court.

Jan. 30, 1987.

Robert A. Filpi, Chicago, Ill., for plaintiffs.

Mary Mitchelson, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. George R. Salem, Barton S. Widom and Mark Maxin, Dept. of Labor, of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge:

This is a civilian pay case before the court on motions by both parties to recon-
sider the Order of the court dated September 9, 1986 dismissing the case for lack of jurisdiction. Plaintiffs are female Employment Opportunity Specialists with the Department of Labor, Office of Federal Contract Compliance Programs, in Chicago. They are employed at the GS–11 pay grade and allege that male Employment Opportunity Specialists of the Chicago offices of the Office of Federal Contract Compliance Programs are being compensated at the GS–12 and GS–13 pay grades, thereby discriminating against the plaintiffs on the basis of sex, in violation of the Equal Pay Act of 1963. The plaintiffs' actions were previously consolidated under Rule 19(a)(2)(ii) of the Rules of the United States Claims Court. 29 U.S.C. § 206(d)(1) (1982).

In their Motions for Reconsideration, the parties argue that the Claims Court has jurisdiction to adjudicate plaintiffs' sex discrimination claims because the plaintiffs press their claims under the Fair Labor Standards Act, 29 U.S.C. § 206(d). The parties state that the court's reliance in the September 9, 1986 Order, on cases dismissing discrimination claims for lack of jurisdiction under Section 717 of the Equal Employment Act of 1972 (Title VII of the Civil Rights Act), 42 U.S.C. § 2000e, is incorrect because Title VII claims are distinguishable from plaintiffs' FLSA claims.

The parties have not cited and the court is not aware of any case where the Claims Court or Court of Claims has addressed a "Prohibition of sex discrimination" claim under section 6(d) of the Fair Labor Standards Act of 1938. However, in *Huddleston v. Donovan*, 524 F.Supp. 179 (N.D.Ill. 1981), a former employee brought suit against the United States Department of Labor, claiming the Secretary violated the Equal Pay Act of 1963, 29 U.S.C. § 206(d), by compensating her at a level lower than that of a male counterpart allegedly doing "substantially equal work." The federal district court transferred plaintiff's sex discrimination claim to the Court of Claims and held that under the Tucker Act, the district court lacked subject-matter jurisdiction because the Court of Claims had exclu-

sive jurisdiction of non-tort claims against the United States in excess of $10,000. *Id.;* 28 U.S.C. § 1346(a)(2) (1982). The court finds this precedent directly on point and concludes that the Claims Court has jurisdiction to address plaintiffs sex discrimination claims. The parties' Motions for Reconsideration are granted and the judgment entered September 9, 1986 dismissing the Complaints for lack of jurisdiction is vacated. The court will act on the parties' previously briefed cross motions for summary judgment.

IT IS SO ORDERED.