(November 16, 1964)

■ In the Matter of BAY RIDGE MEDICAL GROUP et al., Appellants, v. HEALTH INSURANCE PLAN OF GREATER NEW YORK, Respondent.— In a proceeding by petitioners to confirm the award of arbitrators and to enter judgment thereon, in which respondents made a cross motion to modify the award, the petitioners (designated as " complainants") appeal from an order of the Supreme Court, Kings County, dated August 20, 1964, which, without determining their motion to confirm the award and without determining the respondent's cross motion to modify the award on the ground that the majority of the arbitrators had based the award upon matters not submitted to them and upon a miscalculation of figures, directed that the proceeding be remitted to the arbitrators for the purpose of including in the award " their findings, the figures used and their calculations." Order reversed on the law, with one bill of $10 costs and disbursements; complainants' (petitioners') application to confirm the award granted; respondents' cross motion to modify the award denied; and proceeding remitted to Special Term for the entry of judgment in accordance with the award and the statement prepared by Jules Nusbaum, the complainants' certified public accountant, and attached to his affidavit submitted by complainants in reply. If there should be any dispute as to the accuracy of this statement, the parties may submit additional papers at Special Term in relation to the exact amounts to be incorporated in the judgment pursuant to the award. Special Term remitted the proceeding to the arbitrators pursuant to CPLR 7511 (subd. [c], par. 3), which provides that the court shall modify the award if "the award is imperfect in a matter of form, not affecting the merits of the controversy." The general principle of law is that the award made by the majority of arbitrators is final and conclusive. It cannot be set aside for an error of fact or law unless the award comes within the corrective and regulatory provisions set forth in the statute (CPLR 7511; see, also, CPLR 7506; *Matter of Torano* [*MVAIC*], 19 A D 2d 356; *Matter of Weiner Co.* [*Freund Co.*], 2 A D 2d 341, affd. 3 N Y 2d 806; *Matter of Shirley Silk Co.* [*American Silk Mills*], 257 App. Div. 375; *Matter of Wilkins*, 169 N. Y. 494). The court must modify the award if there was a miscalculation of figures or the award was imperfect in a matter of form not affecting the merits of the controversy (CPLR 7511; *Matter of First Nat. Oil Corp.* [*Arrieta*], 2 Misc 2d 225, 232, affd. 2 A D 2d 590). Even though the arbitrators make an award which is incorrect or unjust as to amount, the court may not modify the award on the basis of miscalculation of figures unless there was a miscalculation of figures within the meaning of CPLR 7511 (cf. *Matter of Kew Queens Corp.* [*MacArthur Concrete Pile Corp.*], 277 App. Div. 1003, affd. 302 N. Y. 785). The validity of an award is unaffected by the absence of a recital of the reasons for the award (*Matter of Willow Fabrics* [*Carolina Frgt. Carriers Corp.*], 20 A D 2d 864); and an award may not be vacated because the arbitrators did not

give their reasons for the award nor set forth their calculations to justify the award (*Matter of Linwood* [*Sherry*], 16 Misc 2d 488, 491, affd. 7 A D 2d 757; *Matter of Weiner Co.* [*Freund Co.*], *supra*; *Matter of Big-W Corp.* [*Horowitz*], 24 Misc 2d 145, 156, affd. 14 A D 2d 817). "Inquisition of an arbitrator for the purpose of determining the processes by which he arrives at an award, finds no sanction in law" (*Matter of Weiner Co.* [*Freund Co.*], 2 A D 2d 341, 342, *supra*). The award should not be remanded to the arbitrators for the purpose of including "their findings, the figures used and their calculations" (cf. *Matter of Willow Fabrics* [*Carolina Frgt. Carriers Corp.*], *supra*), particularly in an arbitration proceeding, such as the one here, which was not merely a substitute for a judicial proceeding to settle strict legal rights. Since the arbitrators were not required by law to set forth their findings, the figures used and their calculations, it is our view that the award was not "imperfect in a matter of form, not affecting the merits of the controversy" (CPLR 7511, subd. [c], par. 3). In our opinion, the order affected a substantial right and is appealable (cf. *People* v. *New York Cent. R. R. Co.*, 29 N. Y. 418, 421; *Matter of New York State Labor Relations Bd.* v. *Budoff*, 5 A D 2d 854; *Gilbert* v. *Case*, 3 A D 2d 930; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5701.03; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7501.02, 7502.08, 7514.06). Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.