**Rosalie GIVENS et al., Plaintiffs-Appellants,**

v.

**W. T. GRANT COMPANY, Defendant-Appellee.**

No. 531, Docket 71-1872.

United States Court of Appeals, Second Circuit.

Remanded Nov. 13, 1972.

Decided Dec. 8, 1972.

William H. Clendenen, Jr., New Haven, Conn. (David M. Lesser, Stuart Bear and

Frank Cochran, New Haven, Conn., on the brief), for plaintiffs-appellants.

William J. Egan, New Haven, Conn. (John Q. Tilson, Jr., J. Michael Eisner and Wiggin & Dana, New Haven, Conn., on the brief), for defendant-appellee.

R. Patrick Maxwell and Donald Gartman, Washington, D. C., for The National Legal Aid and Defender Association as amicus.

Before HAYS, MANSFIELD and TIMBERS, Circuit Judges.

PER CURIAM:

The Supreme Court, in a per curiam order entered November 13, 1972, 409 U.S. 56, has remanded this case to us "for reconsideration of [our] order of dismissal in light of 28 U.S.C. § 1447 (c)." Section 1447(c) provides for remand to a state court of a case removed to the federal court improvidently and without jurisdiction.

In reconsidering our order of dismissal, 457 F.2d 612 at 614, in accordance with the remand from the Supreme Court, we note the following sequence of prior proceedings herein. On March 5, 1971, this action was removed by defendant from the Court of Common Pleas of the State of Connecticut, New Haven County, to the District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1446. At no time during the 21 months that this action has been pending in the federal courts have plaintiffs ever moved to remand it to the state court as provided in 28 U.S.C. § 1447 (c). Indeed, in their petition for rehearing or rehearing in banc, filed March 30, 1972, plaintiffs expressly disclaimed any desire to have the case remanded to the state court. And, in view of plaintiffs' indication to us of their intention to seek further review of our order of dismissal for lack of subject matter jurisdiction, we purposely refrained from ordering that the case be remanded to the state court, since such order would not be "reviewable on appeal or otherwise". 28 U.S.C. § 1447 (d).

We deduce, nevertheless, from the Supreme Court's order of November 13, 1972 that plaintiffs now wish to have the case remanded to the state court. Accordingly, since our determination that the federal court lacks subject matter jurisdiction has become final, we order that the opinion of this Court dated March 17, 1972, as modified May 22, 1972, be further modified so that the last paragraph thereof, 457 F.2d at 614, shall read as follows:

"Accordingly, since our determination that the federal court lacks subject matter jurisdiction has become final, we vacate the order of the District Court and remand the action to the Court of Common Pleas of the State of Connecticut, New Haven County. No costs."

The Clerk of this Court is directed to modify the judgment of this Court accordingly.