■ In the Matter of the Arbitration between CITY OF TROY, Appellant, and VILLAGE OF MENANDS, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered May 7, 1974 in Rensselaer County, which denied appellant's motion to modify an arbitration award and granted respondent's cross motion to confirm the award. The contract whereby the respondent purchases its water from the appellant provides that, at the expiration of every 15 years, the parties could renegotiate the price for future consumption based upon the increased "cost of producing and distributing water" and, further, that "In the event the parties are not able to agree, the question of fair basis shall be determined by arbitration". In 1971 the parties could not agree, arbitration was held, and in 1973 the arbitrators set the rate at $.37 per thousand gallons, effective until June 3, 1985. It is clear that an arbitrator's award cannot be set aside or modified due to an error of fact or law unless the correction comes within the

corrective or regulatory sections of the CPLR *(Matter of Bay Ridge Med. Group v Health Ins. Plan of Greater N.Y.,* 22 AD2d 807; see also Practice Commentary, Peter W. Thornton, McKinney's Cons. Laws of N. Y. Book 7B, CPLR 7511, p 602). Appellant attempts to dispute the calculation of the award pursuant to CPLR 7511 (subd [c], par 1). However, that provision can only be used to modify awards where there is a mathematical miscalculation of figures used in determining an award, and not where, as here, the basis of the arbitrator's award is challenged. (Compare *Matter of Morris White Fashions [Susquehanna Mills],* 295 NY 450, with *Matter of Weiss [Metalsalts Corp.],* 15 AD2d 46, affd 11 NY2d 1042 and *Matter of Kutsukian [Bossom],* 270 App Div 396). Accordingly, since there are no mathematical errors on the face of the arbitrators' award and since no computational errors can be clearly inferred, this court cannot alter the final award of $.37 per thousand gallons. Order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.