◼    In the Matter of the Arbitration between LANGE-FINN CONSTRUC-TION CO., INC., Respondent, and C. R. JOYCE & SONS, INC., et al., Respondents; M. KRAMER & SONS, INC., Appellant.—Appeal from an order and judgment of the Supreme Court at Special Term, entered April 15, 1975 in Albany County, which modified and confirmed, as modified, an arbitrator's award. During the course of a construction project a dispute arose among the parties herein, a general contractor and its subcontractors, concerning the responsibility to perform certain work. All parties agreed to submit the issues to arbitration, but to expedite construction, respondent F. W. Newman & Sons, Inc., a subcontractor, was directed to perform the work by the respondent general contractor, Lange-Finn Construction Co., Inc., pending the results of arbitration. After a hearing, the arbitrator's opinion stated that appellant M. Kramer & Sons, Inc., another subcontractor, should have performed the work in question and his award directed the general contractor to pay F. W. Newman & Sons, Inc. the cost thereof, with interest. In his opinion the arbitrator also stated that "Any recovery by Lange-Finn is a matter between Lange-Finn, M. Kramer & Sons, and those engaged by M. Kramer & Sons to perform portions of its subcontract work." A request to clarify the award was denied and, thereafter, the general contractor moved to modify the award to provide for judgment over against M. Kramer & Sons, Inc., in the amount of the award in order to make a full, final and definite determination of the controversy by supplying what it characterized as an "omission" on the part of the arbitrator (CPLR 7511). Special Term granted the relief requested and this appeal ensued. An award of an arbitrator may be modified by the court only under limited and particularized conditions that do not affect the merits of the controversy (CPLR 7511, subd [c], par 3). In this proceeding the arbitrator was asked to determine who should bear and pay the cost of certain work to be performed under the terms of a construction contract. This he did, leaving to the parties the further question of any recovery among them. To disturb this determination is to go beyond the issue submitted for arbitration and reach the merits of a related controversy not before the arbitrator. The modification herein was not merely one of form, but one which affects the substantive rights of the

parties *(Matter of Bay Ridge Med. Group v Health Ins. Plan of Greater N. Y.,* 22 AD2d 807; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7511.26). Order and judgment reversed, on the law and the facts, without costs, and judgment directed to be entered confirming arbitrator's award. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.