■ Seafarer Fiberglass Yachts, Inc., Appellant, v Garrett A. Chelius, Respondent. (Matter No. 1.) Garrett A. Chelius, Respondent, v Brian Acworth, Appellant. (Matter No. 2.)—In a proceeding pursuant to CPLR 7510 to confirm an arbitrator's award, and in an action to recover possession of personal property and damages for conversion, the appeal is from an order of the Supreme Court, Suffolk County (Under-

wood, J.), dated August 8, 1983, which directed appellants Brian Acworth and Seafarer Fiberglass Yachts, Inc., to transfer title to, as well as possession of, a certain yacht to respondent Garrett A. Chelius.

Order modified, on the law, by adding thereto a provision that respondent Chelius tender to Seafarer Fiberglass Yachts, Inc., or its designee, a certified check or cash in the amount of $1,000, at which time Seafarer Fiberglass Yachts, Inc., and Brian Acworth shall transfer title to and possession of the subject yacht to Chelius. As so modified, order affirmed, without costs or disbursements. The time of the respective parties to tender the $1,000 and transfer title to and possession of the yacht is extended until 30 days after the date of the order to be made hereon.

Appellant Brian Acworth is the president and founder of appellant Seafarer Fiberglass Yachts, Inc. (hereinafter Seafarer). On March 7, 1981, Seafarer entered into a contract with respondent Garrett Chelius. The contract contained a broad arbitration clause pursuant to which the parties agreed to submit any dispute arising thereunder to the American Arbitration Association. The contract provided, *inter alia,* that Seafarer would transfer title to a Seafarer 30 yacht to Chelius for $16,000 and that Chelius, in return, would complete "all programming work" on 10 separate computer programs to be used by Seafarer. On April 27, 1981, Seafarer relinquished possession of the yacht to Chelius in exchange for $16,000, but title to the yacht was not transferred.

A dispute arose between the parties to the contract and Seafarer demanded arbitration. Chelius commenced matter No. 1 for a stay of arbitration. His application was denied and the arbitration proceeded. On March 25, 1982, the arbitrator issued his award. The award directed, *inter alia,* that Seafarer transfer title to the yacht upon its receipt from Chelius of (1) $1,000, and (2) as much documentation as was in existence and in Chelius' possession which would assist Seafarer in the operation of its computer. The award further directed that Chelius make himself or his employees available for up to eight hours to explain the documentation. The terms of the award were to be complied with within 60 days.

By letter to the arbitrator dated April 26, 1982, the attorneys for Chelius requested a clarification of the award with respect to the time within which Seafarer was to transfer title to the yacht, claiming that the latter wished to defer the transfer of title until some unspecified time after performance by Chelius.

On the following day, April 27, 1982, Seafarer repossessed the yacht without the knowledge of Chelius.

On May 4, 1982, Chelius commenced matter No. 2 against Acworth, to recover possession of the yacht and damages for its conversion. By order to show cause dated May 5, 1982, Chelius moved in matter No. 1 to confirm the arbitrator's award. Thereafter he moved in matter No. 2 for a preliminary injunction enjoining Acworth from transferring, encumbering or otherwise disposing of the yacht.

On May 24, 1982, the arbitrator issued a "clarification" of his award which provided, in effect, that Chelius was to pay the $1,000 and tender the documentation simultaneously with the transfer of title to the yacht by Seafarer, and that the exchange was to occur within 30 days after the date of the clarified award. The eight hours of explanation of the documentation were to be completed within 60 days after the date of the clarified award. A copy of the clarified award was submitted to the court in connection with the motion of Chelius to confirm the award.

On June 16, 1982, Justice Robbins at Special Term modified the arbitrator's award to the extent of directing that Chelius provide the eight hours of explanation prior to the transfer of title of and possession of the yacht. As so modified, the award was confirmed and the motion by Chelius in matter No. 2 for a preliminary injunction was denied.

On June 28, 1982, Chelius proceeded to Seafarer's offices and claims to have tendered those documents then in existence and to have also had in his possession the $1,000 required. He also demonstrated the computer system from 9:30 A.M. to 3:00 P.M. to an expert retained by Seafarer. However, Seafarer refused to deliver title to the yacht.

Chelius then moved for an order, among other things, adjudging Acworth and Seafarer to be in contempt of the order of Justice Robbins dated June 16, 1982. After a hearing before Justice Underwood, the application was denied, but the court directed that title to and possession of the yacht be transferred to Chelius.

We note initially that the order of Justice Robbins, which modified the arbitrator's award so as to require respondent Chelius to explain the documents relating to the programs before, rather than after, the transfer of the yacht, was erroneously made. This modification affects the substance of the award and does not merely correct an error in form and is, therefore, not a modification permitted pursuant to CPLR

7511 (c) (*cf. Matter of Lange-Finn Constr. Co. [Joyce & Sons-Kramer & Sons]*, 50 AD2d 696, *affd* 41 NY2d 814; *Matter of Bay Ridge Med. Group v Health Ins. Plan*, 22 AD2d 807). The arbitrator's amended award was not completely irrational (*cf. Matter of Long Is. Univ. Faculty Fedn. v Board of Trustees*, 60 NY2d 855, 857) or otherwise subject to vacatur pursuant to CPLR 7511 (b), and therefore should have been confirmed without modification. However, Justice Robbins' order which modified the award is not before us on this appeal. We find, nevertheless, that Chelius has complied with the directive that he demonstrate the computer program, to the extent that compliance is possible, and has fulfilled the terms of the order of Justice Robbins. Thus he is entitled to the yacht, and the order under review correctly directed such relief. We modify the order under review only so as to direct that Chelius pay $1,000 to Seafarer. Such payment is required under the arbitrator's award, as modified and confirmed by the order of Justice Robbins. The record reveals that the $1,000 was never actually tendered. Tender of the $1,000 shall be simultaneous with transfer of title to and possession of the yacht. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.