**William T. HOUGH and Norma P. Hough, Plaintiffs,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant.**

No. 90 Civ. 2468 (WCC).

United States District Court, S.D. New York.

Feb. 15, 1991.

William T. Hough, Basking Ridge, N.J., for plaintiffs.

Baer Marks & Upham, New York City, for defendants; Barry J. Mandel, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

This action involves a challenge by plaintiffs William and Norma Hough to an arbitration award resolving a dispute between the parties arising from plaintiffs' securities account with the defendant Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch"). The action is presently before the Court on defendant's motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of federal subject matter jurisdiction or, alternatively, pursuant to Rule 12(b)(6) Fed.R.Civ.P. for failure to state a claim upon which relief can be granted. In addition, Merrill Lynch has moved this Court for an order pursuant to Rule 11 Fed.R.Civ.P. for sanctions on the ground that the complaint is not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

## BACKGROUND

The underlying dispute arose in 1987 from the execution of plaintiffs' order to sell certain bonds held in their account with Merrill Lynch. Plaintiff William T. Hough apparently had solicited quotes from brokers both at Merrill Lynch and at the firm of Donaldson, Lufkin & Jenrette ("DLJ") to buy from him (or to sell on his behalf) $400,000 face value Missouri State Housing Development Bonds which were held by Merrill Lynch on plaintiffs' behalf. The same bonds were subsequently sold twice, by both Merrill Lynch and DLJ.

On May 23, 1987, DLJ brought an action in New Jersey Superior Court against Hough to recover the loss of approximately $37,948 incurred as a result of the failure to receive delivery of the bonds from Hough. *Donaldson, Lufkin & Jenrette v. William and Norma Hough*, Superior Court of New Jersey, Law Division, Somerset County, Docket No. L–050498–87 (Mahon, J.). Trial of the action took place in July 1989. After trial, the New Jersey court found in favor of plaintiff DLJ and awarded it $37,428 plus costs. *Id.* The Houghs settled DLJ's claim against them by paying $35,000. Complaint ¶ 12(b).

On or about February 18, 1989, the Houghs filed a Statement of Claim with the National Association of Securities Dealers ("NASD") naming Merrill Lynch as respondent. Shortly after the Statement of Claim was filed, the NASD referred the matter to the arbitration program of the Municipal Securities Rulemaking Board ("MSRB") for resolution. *See* Exh. B to the Complaint. In the arbitration, the Houghs sought to recover from Merrill Lynch the amount of their post-judgment settlement with DLJ, litigation costs and attorneys fees, punitive and other damages. *Id.* The arbitration was conducted on November 2 and 3, 1989, and the five member panel issued its arbitration award on December 11, 1989, awarding the Houghs $17,500. *See* Exh. E to the Complaint.

On December 29, 1989, Mr. Hough wrote to the panel requesting "reconsideration and modification" of the arbitration award. *See* Exh. A to the Complaint. On January 11, 1990, the panel denied Hough's request. Complaint ¶ 2. On April 11, 1990, this action was commenced seeking an order either modifying the arbitral award or vacating the award and remanding the matter for rehearing.

## DISCUSSION

The complaint alleges that the jurisdiction of this Court is based on diversity, 28 U.S.C. § 1332, and also on the Sherman Act, 15 U.S.C. §§ 1–7, the Federal Trade Commission Act, 15 U.S.C. §§ 45–58, the Clayton Act, 15 U.S.C. §§ 12–27, and the Lanham Act, 15 U.S.C. §§ 1051 et seq. Complaint ¶ 3.

■ Defendants allege that the complaint fails to meet the requirements of diversity jurisdiction because it fails to meet the amount in controversy requirement of 28 U.S.C. § 1332.[1] In determining whether the amount in controversy requirement has been met, courts apply the "legal certainty" test which requires dismissal of an action when it appears to a legal certainty that the plaintiff's claim is for less than the jurisdictional minimum. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In applying the legal certainty test, resort to matters outside the pleadings may be used to amplify the meaning of the complaint's allegations. *Zacharia v. Harbor Island spa, Inc.*, 684 F.2d 199, 202 (2d Cir.1982), citing *Givens v. W.T. Grant Co.*, 457 F.2d 612 (2d Cir.), *vacated*, 409 U.S. 56, 93 S.Ct. 451, 34 L.Ed.2d 266, *on remand*, 472 F.2d 1039 (2d Cir.1972).

Plaintiffs' seventh cause of action (Complaint ¶¶ 63–68) requests that this Court, in the event that it refuses to modify the award, "refuse to affirm the award, and remit/remand the award to the MSRB with an order that the MSRB retry the case before new arbitrators." As this motion is, in part, a motion to vacate the arbitration award and to remand for rehearing, the

---

1. Plaintiffs are citizens of New Jersey and defendant Merrill Lynch is a Delaware corporation having its principal place of business in New York.

Court will look to the possible award that might result from the desired rehearing. In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the pecuniary value of the rights being litigated. *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977). The relief sought on the present motion may be measured similarly.

In this action to vacate the arbitration award the amount in controversy may be regarded as either the value to plaintiff of the relief sought or the loss to defendant if the relief is granted. Plaintiffs contend that the amount in controversy in this action is the full amount of the original claim which was resolved by the arbitration award.

In their Statement of Claim before the MSRB plaintiffs requested a total judgment of at least $3 million for violations of the Sherman Act and of the Clayton Act. Exh. A to the Complaint ¶¶ 74–76. Nearly twenty years ago, the Court of Appeals for the Second Circuit ruled that "the pervasive public interest in enforcement of the antitrust laws, and the nature of the claims that arise in such cases, combine to make ... antitrust claims ... inappropriate for arbitration." *American Safety Equipment Corp. v. J.P. Maguire & Co.*, 391 F.2d 821, 827–28 (2d Cir.1968). Since that time the foundations of the *American Safety* doctrine have been significantly eroded. *Gemco Latinoamerica, Inc. v. Seiko Time Corp.*, 671 F.Supp. 972 (S.D.N.Y.1987), *adhered to, in part, dismissed, in part, on reconsideration*, 685 F.Supp. 400 (S.D.N.Y.1988).

■ The Supreme Court has held that nothing in the federal antitrust laws prohibits parties from agreeing to arbitrate antitrust claims arising out of international commercial transactions. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). Finding it "unnecessary to assess the legitimacy of the *American Safety* doctrine as applied to agreements to arbitrate arising from domestic

transactions" it "confess[ed] to some skepticism of certain aspects of the *American Safety* doctrine." 473 U.S. at 629, 632, 105 S.Ct. at 3355, 3356. Although the holding of *Mitsubishi* was limited to international transactions, the Supreme Court nonetheless rejected the concerns that had been used to justify the non-arbitrability of antitrust claims. *Id.* at 632–40, 105 S.Ct. at 3356–60. The principles and reasoning set forth in *Mitsubishi* have been used by the Court in later cases to find that RICO and securities claims are arbitrable in the domestic context. *See Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) (holding that claims under the Securities Act of 1933 are arbitrable); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (holding that claims under the Securities Act of 1934 and the RICO statutes are arbitrable). The federal policy in favor of arbitration agreements has provided the foundation for the Court's recent expansion of the types of claims that they may encompass. Most recently, the Court of Appeals for the Second Circuit held that agreements to arbitrate statutory claims arising under ERISA are enforceable. *Bird v. Shearson Lehman/American Express, Inc.*, 926 F.2d 116 (2d Cir.1991). In the aftermath of such decisions it seems unlikely that the principle of *Mitsubishi* will be limited to international transactions. In fact, in *Gemco*, Judge Knapp of this Court found that "none of the justifications for the *American Safety* doctrine retain their vigor" and concluded that "our Court of Appeals would now hold that domestic antitrust claims are subject to arbitration." *Gemco*, 671 F.Supp. at 980. *See also GKG Caribe, Inc. v. Nokia–Mobira, Inc.*, 725 F.Supp. 109, 110–111 (D.P.R.1989) (suggesting that the result arrived at in *Mitsubishi* would be replicated in the domestic context). We are likewise persuaded that the reasoning of *Mitsubishi* should apply with equal force to domestic claims.

■ Defendants argue that there is a legal certainty that the relief sought by plaintiffs for alleged violations of the anti-

trust acts cannot be awarded because this identical claim was rejected by the arbitration panel. It cannot be said with a legal certainty that another arbitration panel would reach the same result if this Court were to vacate the award and remand for a rehearing on all issues. Since an arbitration panel upon a rehearing of the case could award plaintiffs damages for alleged violations of antitrust laws arising from their domestic contract dispute, we cannot say "to a legal certainty" that the amount claimed by plaintiffs is less than the jurisdictional minimum. Accordingly, this Court asserts jurisdiction over this action pursuant to 28 U.S.C. § 1332 and denies defendant's motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1) Fed.R. Civ.P.[2]

Defendant alternatively moves this Court for an order pursuant to Rule 12(b)(6) Fed. R.Civ.P. dismissing the complaint herein on the ground that it fails to state a claim upon which relief can be granted and confirming the arbitration award. In order to prevail on a motion to dismiss, the moving party must demonstrate "beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). A court must take the factual allegations of the non-moving party's pleadings as true and construe them in the light most favorable to that party. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974);

*Dwyer v. Regan,* 777 F.2d 825, 828–29 (2d Cir.1985), *reh'g denied,* 793 F.2d 457 (2d Cir.1986).

Six of plaintiffs' seven causes of action seek modification of the arbitrators' award pursuant to CPLR 7511(c).[3] Defendant argues that plaintiffs have failed to allege any fact establishing a ground upon which to modify or vacate the arbitration award. An award of an arbitrator may be modified by the court only under limited and particularized conditions. *Lange–Finn Constr. Co. v. C.R. Joyce & Sons, Inc.,* 50 A.D.2d 696, 375 N.Y.S.2d 458 (3d Dep't. 1975), *aff'd,* 41 N.Y.2d 814, 393 N.Y.S.2d 397, 361 N.E.2d 1045 (1976). A modification that affects the substance of the award and does not merely correct an error in form is not permitted under CPLR 7511(c) which provides:

> The court shall modify the award if:
>
> 1. there was a miscalculation of figures or a mistake in the description of any person, thing or property referred to in the award; or
>
> 2. the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issue submitted; or
>
> 3. the award is imperfect in a matter of form, not affecting the merits of the controversy.

*See Diapulse Corp. of America v. Carba, Ltd.,* 626 F.2d 1108, 1110 (2d Cir.1980); *Seafarer Fiberglass Yachts, Inc. v. Chelius,* 112 A.D.2d 412, 492 N.Y.S.2d 72, (2d Dep't 1985). The burden of proof rests upon plaintiffs, as the parties attempting to modify or vacate the arbitration award, to

**2.** Because this Court assumes jurisdiction over this action pursuant to 28 U.S.C. § 1332, it does not reach the question of whether the allegations of the complaint assert a claim arising under the laws of the United States such as would give rise to federal question jurisdiction under 28 U.S.C. § 1331.

**3.** The first cause of action is brought under CPLR 7511(c)(1) and seeks "correction of judgment by modification." Complaint ¶¶ 7–26. The second cause of action is brought under CPLR 7511(c)(3) and alleges that the award is "imperfect in form." Complaint ¶¶ 27–30. The third cause of action is brought under CPLR

7511(c)(1) on the ground that the award allegedly contains a "mathematical calculation error." Complaint ¶¶ 31–34. The fourth cause of action is brought under CPLR 7511(c)(1) "and/or (3)" on the ground that the award is "patently ambiguous." Complaint ¶¶ 35–41. The fifth cause of action is brought under CPLR 7511(c)(3) and seeks modification of the award pursuant to the court's "equity powers." Complaint ¶¶ 42–48. The sixth cause of action is brought under CPLR 7511(c)(1) "and/or (3)" and again seeks modification of the award pursuant to the court's "equity powers." Complaint ¶¶ 49–62.

establish that the award is defective in a manner recognized by the statute. *See Andros Compania Maritima S.A. v. Marc Rich & Co., A.G.*, 579 F.2d 691, 700 (2d Cir.1978).

■■■ Plaintiffs' first cause of action alleges that the award is "incorrectly erroneously mathematically miscalculated" since the arbitration award provided that the $17,500 award was for "actual damages" when, according to Hough, his actual damages were $32,470. *See* Complaint ¶¶ 12, 26. Plaintiffs, in their third cause of action, allege that the award contains a "mathematical calculation error." CPLR 7511(c)(1), relating to miscalculation of figures as a ground for modification of an arbitration award, is applicable only if there is a mathematical miscalculation of figures used in determining an award, and not where the basis of the award is challenged. *City of Troy v. Village of Menands*, 48 A.D.2d 733, 367 N.Y.S.2d 872 (3d Dep't.1975). Courts have construed literally the language of the statute to require that the miscalculation or misdescription of the property appear on the face of the award. Where no mathematical error appears on the face of the award and where no computational error can be clearly inferred, an arbitration award will not be altered. *Id.* The arbitration award in the instant action does not contain a mathematical miscalculation that will support modification. In fact, the award does not contain any calculations at all, but merely provides for payment of a stated sum to plaintiff.[4] In their first and third causes of action, plaintiffs fail to allege any miscalculation of the type that would support a modification of the arbitration award and, hence, fail to state claims upon which relief may be granted.

■■ Plaintiffs' second cause of action is brought under CPLR 7511(c)(3) and alleges that the award is "so imperfect in form [matter of form] to an extreme extent as to be patently ambiguous because the amount (of the award) reasonably (logically) is unjust and/or incorrect." Complaint ¶ 28. Plaintiffs' fourth cause of action is brought under CPLR 7511(c)(1) "and/or (3)" on the ground that the arbitrators' alleged mathematical miscalculation rendered the award "patently ambiguous." Complaint ¶¶ 36–37. An arbitrator's paramount responsibility is to reach an equitable result. Courts will not assume the role of overseers to mold arbitration awards to their own sense of justice. *Sprinzen v. Nomberg*, 46 N.Y.2d 623, 415 N.Y.S.2d 974, 389 N.E.2d 456 (1979). The allegation that the amount of the award is "unjust" does not state a ground for modification recognized in the

---

**4.** Pertinent portions of the arbitrators' decision dated December 11, 1989, are provided below:

**CASE SUMMARY**

Claimants William T. Hough and Norma P. Hough alleged an improper execution of an order and lack of communication by Respondent Merrill, Lynch, Pierce, Fenner & Smith, Inc. in the sale of certain bonds from their account. Claimants also alleged, *inter alia,* that Respondent violated the unfair competition and antitrust laws. Respondent maintained, *inter alia,* that it acted properly, that Claimants were contributorily at fault, and that Claimants failed to mitigate damages.

**RELIEF REQUESTED**

Claimants requested actual damages of approximately $51,103 which amount included their costs and expenses, arbitration deposit and attorney's fees. In addition, Claimants requested punitive and treble damages, for a total damage claim of approximately $3,000,000. Claimants also requested injunctive relief. Respondent requested dismissal of the Statement of Claim and its costs and expenses.

**AWARD**

On November 2, and 3, 1989, in New York City, the undersigned arbitrators heard the controversy between the parties set forth in submissions to the arbitrators signed by Claimants on February 18, 1989 (filed with the MSRB on March 27, 1989) and by Respondent on May 19, 1989. The arbitration panel, having considered the pleadings, the testimony and the evidence presented at the hearing, has determined in full and final resolution of the issue submitted for determination as follows:

Respondent shall pay to Claimants actual damages of $17,500. No punitive or treble damages are awarded and no injunctive relief is awarded. Each of the parties shall bear its own costs and expenses, including attorney's fees. With respect to Claimants costs, this shall include all reasonable costs incurred in connection with the appearance of Richard Frangipane at the hearing, pursuant to section 22 of MSRB rule G–35. Pursuant to section 2 of MSRB rule A–16, Claimants' $1,000 arbitration deposit shall be retained by the MSRB as forum fees and, Respondent shall pay to the MSRB $1,000 as forum fees.

statute, nor does this Court find the award to be ambiguous. Accordingly, plaintiffs' second and fourth causes of action fail to state claims upon which relief can be granted.

Plaintiffs fifth and sixth causes of action are brought under CPLR 7511(c)(1) and (3) and seek modification of the award, pursuant to the court's "equity powers," for mathematical miscalculation, patent ambiguity, and imperfection in form. Complaint ¶¶ 42–62.[5] Plaintiffs ask this Court to exercise its "equity powers in the safeguarding and protection of the public against unfair, abusive, fraudulent, antitrust-violating and/or calussed [sic] act(s) and treatment of the lay-public by brokerage houses ... involving federally-created antitrust law with treble damages ... and the FRCP 60(b) fraud." Plaintiffs' Memo at 30. Plaintiffs assert that the record reveals violations of federal antitrust law, violations of the NASD Rules, violations of the Fair Trade Commission Act, and fraud. They argue that Fed.R.Civ.P. 60(a) and (b) provide bases for relief and that modification is appropriate "based on the face of the record and evidence thereof, not changing the merits and not requiring further hearing." Plaintiffs Memo at 23–25, 29–31, Complaint ¶ 62.

■■■ The alleged miscalculation, imperfection and/or ambiguity identified by plaintiffs is that the arbitrators found that plaintiffs incurred actual damages of $17,500, while plaintiffs contend that they incurred actual damages of $49,970 exclusive of costs, expenses, and interest—a claim rejected by the panel. Complaint ¶ 59. The modification sought pursuant to CPLR 7511 would affect the substantive rights of the parties and reflects an attempt to revisit the merits of the arbitrators' award. CPLR 7511(c) does not permit a modification of an arbitration award that affects

the substance of an award, rather than merely correcting an error in form. *See Seafarer*, 112 A.D.2d 412, 492 N.Y.S.2d 72.

■■■ Plaintiffs' Complaint refers to modification available under Fed.R.Civ.P. 60(b) for "mistake(s), inadvertence, surprise or excusable neglect, fraud, void judgment, and the like." Complaint ¶ 10(b). Defendant asserts that the text of Rule 60 does not authorize a party to obtain judicial relief from an award of an arbitration panel. Defendant's Reply Memo at 8. Neither Rule 60 *per se* nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts. Fed.R.Civ.P. 1; *Washington–Baltimore Newspaper Guild, Loc. 35 v. Washington Post Co.*, 442 F.2d 1234, 1239 (D.C.Cir.1971). In *Washington–Baltimore Newspaper Guild*, the Court of Appeals for the District of Columbia Circuit stated, "[W]e think that neither Rule 60(b) nor any judicially constructed parallel thereto was meant to be applied to final arbitration awards." 442 F.2d at 1239. In an appeal from an order under Rule 60(b) setting aside an arbitration award, the Court of Appeals for the Seventh Circuit reversed the judgment of the lower court, finding that the defendant-appellee had failed to show that the neutral arbitrator had violated the ethical and legal standards for arbitrators and that such violation created a substantial danger of an unjust result. *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673 (7th Cir.1983). While not squarely addressing the availability of Rule 60 to set aside a final arbitration award, the decision implies that in certain circumstances an arbitration award may be set aside pursuant to Rule 60.

■■■ In *Cook Chocolate Co. v. Salomon Inc.*, 748 F.Supp. 122, 125 (S.D.N.Y.1990), ruling on a motion to overturn an arbitra-

---

**5.** Plaintiffs' complaint alleges that CPLR 7511 is "analogous to and consistent with corrections and/or modifications available under Federal Rules of Civil Procedure 60(a) and for clerical mistakes and/or (b) for mistake(s), inadvertence, surprise or excusable neglect, fraud, void judgment." Complaint ¶ 10. While their complaint asserts that "plaintiffs bring this Action to

have the Arbitrator's Decision-judgment modified and thereafter affirmed under New York Statutory grounds as set-forth in and under NYS CPL Sec. 7511(c)(1)," plaintiffs', in their memorandum of law in opposition to defendant's motion to dismiss, also argue for modification pursuant to the Court's powers under Rule 60. Complaint ¶ 10; Plaintiffs' Memo at 22–25.

tion award under Rule 60(b), this Court, per Sweet, D.J., stated:

> Under Rule 81(a)(3), the rules are extended to cover arbitration proceedings "only to the extent that matters of procedure are not provided for in" the Federal Arbitration Act, 9 U.S.C. Because a motion to vacate an award falls within the scope of "matters of procedure," and because 9 U.S.C. § 9 explicitly provides for this relief, Rule 60(b) is unavailable ... in contesting the arbitrators' decision.

Article 75 of the CPLR is substantially similar to the Federal Arbitration Act, 9 U.S.C. §§ 1–14. By analogy, we find that because plaintiffs' prayer to set aside the award pursuant to Rule 60 falls within the scope of "matters of procedure" and because such relief is explicitly provided for in CPLR § 7511, Rule 60 is likewise unavailable to contest the arbitrators' decision.

 Even if Rule 60 were available to provide relief from an arbitration award, modification under Rule 60(a) would be inappropriate, it not appearing that the award rendered by the arbitrators was a clerical, mathematical, or other clearly demonstrable mistake, oversight or omission subject to correction under Rule 60(a). Rule 60(a) is not a vehicle for relitigating matters that have already been litigated and decided. *See Ferraro v. Arthur M. Rosenberg, Co.,* 156 F.2d 212 (2d Cir.1946). Rule 60(b) is likewise inapplicable in the present context. Plaintiffs fail to set forth any facts pointing out in any way that there was any mistake, inadvertence, surprise, or excusable neglect justifying relief from the arbitrators' judgment. Plaintiffs do not allege inequities in the arbitration proceedings but merely attempt to relitigate the merits of the case. It does not appear that the fraud charged "really prevented the complaining party from making a full and fair defense." *Biotronik Messund Therapiegeraete GmbH & Co. v. Medford Medical Instrument Co.,* 415 F.Supp. 133, 138–39 n. 15 (D.N.J.1976) (citing *Tole-*

*do Scale Co. v. Computing Scale Co.,* 261 U.S. 399, 421, 43 S.Ct. 458, 463, 67 L.Ed. 719 (1923). Nor is the judgment void, it not appearing that the arbitrators lacked jurisdiction to hear the dispute or that they acted in a manner inconsistent with due process of law. This Court is not persuaded that the grounds enunciated by plaintiffs or the interests of justice require us to set aside the arbitration award under Rule 60. Hence, plaintiffs' fifth and sixth causes of action fail to state claims upon which relief can be granted.

In their complaint before this Court, plaintiffs allege violations of the Lanham Act, 15 U.S.C. § 1051 et seq., as providing a basis for federal court jurisdiction over their claim. Complaint ¶ 3. The alleged Lanham Act violations were not included in the plaintiffs' Statement of Claim before the arbitration panel and thus could not have been considered by it. Plaintiffs' complaint neither alleges any facts establishing a cause of action for violation of the Lanham Act, nor makes a prayer for relief under it. Accordingly, in their allegation of Lanham Act violations plaintiffs fail to state a claim upon which relief may be granted.

Plaintiffs' *pro se* complaint incorporates by reference all of the exhibits attached thereto.[6] In accordance with the rule that *pro se* pleadings be liberally construed, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this Court finds that plaintiffs, by incorporating the exhibits by reference, intended that the claims made in such exhibits be realleged. In Exhibit B to the Complaint, Plaintiffs' Statement of Claim before the MSRB, and in Exhibit D to the Complaint, Supplemental Pleadings to the Statement of Claim, plaintiffs allege violations of the Sherman Act, 15 U.S.C. §§ 1–7, the Clayton Act, 15 U.S.C. §§ 12–27, and the Federal Trade Commission Act, 15 U.S.C. §§ 45–58. Plaintiffs' Statement of Claim and the Amended Statement of Claim show that

---

**6.** Complaint ¶¶ 17–18 incorporate Exhibit A by reference. Complaint ¶ 18 incorporates Exhibit B by reference. Complaint ¶ 23 incorporates Exhibit C by reference. Complaint ¶ 43 incor-

porates Exhibit D by reference. Complaint ¶ 1 incorporates Exhibit E by reference. Complaint ¶ 2 incorporates Exhibits F and G by reference.

issues of antitrust, unfair competition, fraud, and violations of the Federal Trade Commission Act were fully presented to the arbitrators and submitted to them for their final decision. The arbitrators' decision was rendered on December 11, 1989, and reveals that the arbitrators declined to state reasons for their conclusions.[7]

■ Plaintiffs point out that the MSRB decision and award document nowhere distinguish nor recognize explicitly plaintiffs' allegations of fraud, unfair practices and violations of the Federal Trade Commission Act.[8] Plaintiffs' Memo at 39. Plaintiffs would have this Court conclude that the arbitrators' silence with regard to these claims compels a finding that the panel ignored the issues. "[T]he absence of express reasoning by the arbitrators [does not] support the conclusion that they disregarded the law." *Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 750 (8th Cir.) *cert. denied*, 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986). It is well settled that arbitrators are not required to disclose or explain the reasons underlying the award. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). "[T]o allow a court to conclude that it may substitute its own judgment for the arbitrator's whenever the arbitrator chooses not to explain the award would improperly subvert the proper

functioning of the arbitral process ..." *Stroh*, 783 F.2d at 750 (citing *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1215 (2d Cir.1972)). As a matter of public policy, the merits of an arbitration award are beyond judicial review. *Integrated Sales, Inc. v. Maxell Corp. of America*, 94 A.D.2d 221, 463 N.Y.S.2d 809 (1st Dep't 1983). This Court will not second-guess the arbitrators' decision absent a showing of facts supporting modification or vacation of the arbitration award.

■ Under the doctrine of res judicata, a valid judgment on the merits bars a second suit based on the same cause of action *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979), and "precludes the parties or their privies from relitigating issues that were or could have been raised." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). Although some arbitration proceedings have been given preclusive effect, the Supreme Court has been unwilling to hold that arbitration proceedings are always entitled to res judicata or collateral estoppel effect. *Cullen v. Paine Webber Group Inc.*, 689 F.Supp. 269, 276 (S.D.N.Y.1988). In *McDonald v. City of West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), and *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 105

---

7. These issues having been tendered to them for decision, the panel was obligated to determine them. Whether the arbitrators considered themselves authorized to pass upon the antitrust question is neither questioned nor is it clear. It is clear, however, that the arbitrators did decide the issue when they determined that they would award neither injunctive relief nor punitive or treble damages. Moreover, the arbitration decision in stating that:

The arbitration panel, having considered the pleadings, the testimony and the evidence presented at the hearing *has determined in full and final resolution of the issue submitted for determination* as follows....

leads this Court to conclude that the arbitration award was a ruling on all claims which were submitted to the arbitrators (emphasis provided). *See Pallante v. Paine Webber, Jackson & Curtis, Inc.*, 1985 Fed.Sec.L.Rep. ¶ 92,219 at 91,-613, 91,615, 1985 WL 1360 (S.D.N.Y. May 14, 1985) (an arbitration decision which explicitly states that "all claims are hereby denied" gives rise to "a heavy presumption that the arbitrators

in fact did address all the claims presented in [plaintiff's] statement of claims."). *See also Albin Stevedore Co. v. Central Rigging and Contracting Corp.*, 308 F.2d 347 (9th Cir.1962) (where subject matter of complaint was presented to arbitrators, their award in "full settlement of all claims submitted" disposed of the complaint).

Plaintiffs do not argue against the arbitration of their antitrust claims and would be in no position to do so when, far from wanting to reserve such claims for judicial determination, they asked the arbitrators to decide them and award them treble damages.

8. Plaintiffs have made no claim of denial of due process nor have they alleged that the arbitrators refused to consider their claims. In fac' plaintiffs themselves state, "Arbitrated by MSRB was the ... stated federal statuto' of the Fair Trade Commission Act." ' Memo at 15.

S.Ct. 1238, 84 L.Ed.2d 158 (1985), the Court cautioned that, in fashioning preclusion rules for arbitration proceedings, the nature of the federal rights involved and the protection afforded them in an arbitration must be considered. This Court concludes that awarding preclusive effect to an arbitration award which, "in full and final resolution of the issue submitted for determination," rejected unfair competition and antitrust claims does not undermine the purposes of the Federal Trade Commission Act or the Sherman or Clayton Acts, particularly in view of recent Supreme Court decisions which reflect increased recognition of the federal policy favoring arbitration and a retreat from the *American Safety* doctrine. *See Cullen v. Paine Webber Group,* 689 F.Supp. at 277 (decision of arbitration panel addressing the predicate acts underlying RICO claims may be given preclusive effect, providing the elements necessary for preclusion are satisfied); *see also Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 855 (2d Cir.1987) (holding that unfair competition claims are arbitrable); *Gemco Latinoamerica, Inc. v. Seiko Time Corp.,* 671 F.Supp. 972 (S.D.N.Y.1987) (concluding that domestic antitrust claims are subject to arbitration). Plaintiffs cannot here relitigate the merits of rejected antitrust, fraud, and unfair trade practices claims because the arbitrators' rejection of these claims has a preclusive effect on further litigation.

■ Plaintiffs' seventh cause of action seeks vacation of the award as provided in CPLR 7511(b). Complaint ¶¶ 64–65. An arbitration award may be vacated only upon the grounds enumerated in the statute. *Materia v. Josephthal & Co.,* 133 A.D.2d 146, 518 N.Y.S.2d 814 (2d Dep't 1987); *Sweeney v. Herman Management, Inc.,* 85 A.D.2d 34, 447 N.Y.S.2d 164 (1st Dep't 1982). *See also Dundas Shipping & Trading Co. v. Stravelakis Bros., Ltd.,* 508 F.Supp. 1000, 1003–04 (S.D.N.Y.1981). Hence, the exclusive grounds for vacating an arbitration award are limited to fraud or misconduct in procuring the award, arbitrator partiality, arbitrator's abuse of power, or denial of procedural due process. *Inte-*

*grated Sales, Inc. v. Maxell Corp. of America,* 94 A.D.2d 221, 463 N.Y.S.2d 809.

Plaintiff alleges none of these grounds in support of his request to vacate the award. Instead, plaintiff alleges, that:

[T]his Court must vacate the award-judgment and remand/remit the proceedings back to the MSRB for rehearing before a different arbitration panel, on the grounds that the award being patently imperfectly executed and irrational and devoid of reasoning or explanation in the award document, in light of prior arbitrators having refused to modify in response to Claimants (Plaintiffs) prior Petition to modify and correct, and in the light of the arbitrators having denied the Claimants's [sic] petition (motion).

Complaint ¶ 64. Plaintiffs also ask this Court to vacate the award on the grounds that:

[T]here is blatant violation of law resulting in the award being repugnant, contrary and offensive to public policy and public interest and justice, in the light of prior arbitrators having refused to modify in response to Claimants (Plaintiffs) prior Petition to modify and correct, and in the light of the arbitrators having denied the Claimants's [sic] Petition (motion).

Complaint ¶ 65. None of these allegations states a claim upon which relief can be granted. Plaintiff has alleged no facts establishing fraud or misconduct, lack of impartiality, denial of due process, or that the arbitrators exceeded their authority in rendering the award. Nor do plaintiffs' allegations support a finding that the arbitrators' decision is totally irrational or violative of a strong public policy. *See Maross Constr. Inc. v. Central New York Regional Transp. Authority,* 66 N.Y.2d 341, 497 N.Y.S.2d 321, 488 N.E.2d 67 (1985); *Diaz v. Pilgrim State Psychiatric Center,* 62 N.Y.2d 693, 476 N.Y.S.2d 525, 465 N.E.2d 32 (1984). The Supreme Court has emphasized that courts should be reluctant to review the merits of arbitration awards. *United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The

award which the arbitrators rendered in this case appears reasonable on its face. While it may be argued that the award does not represent the only set of conclusions which the evidence might have supported, the award does not appear to be capricious, arbitrary, manifestly unfair or in violation of public policy. Accordingly, plaintiffs seventh cause of action for vacation of the arbitration award is dismissed for failure to state a claim upon which relief can be granted.

While plaintiff William T. Hough is an attorney, he appears in this action *pro se* in an area foreign to his normal area of specialty. In view of plaintiffs' *pro se* status and a lack of clear evidence of bad faith, defendant's prayer for Rule 11 sanctions is denied.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss pursuant to Rule 12(b)(1) Fed.R.Civ.P. is denied. Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted with prejudice and the arbitration award rendered between the parties on December 11, 1989 is hereby confirmed. This Court finds Rule 11 sanctions against plaintiffs to be inappropriate and therefore denies defendant's request for sanctions.

SO ORDERED.