**PADUANO & WEINTRAUB LLP and Anthony Paduano, Plaintiff,**

v.

**WACHOVIA SECURITIES, Defendant.**

**No. 02 CIV 529(VM).**

United States District Court,
S.D. New York.

Feb. 11, 2002.

Paduano & Weintraub, LLP, New York City, pro se.

Anthony Paduano, Paduano & Weintraub, L.L.P., New York City, pro se.

Joel E. Davidson, New York City, for respondent.

## DECISION AND ORDER

MARRERO, District Judge.

On January 11, 2002, plaintiffs Paduano & Weintraub LLP and Anthony Paduano ("Paduano") filed this action in the New York State Supreme Court, New York County. Paduano sought "a declaratory judgment stating that there is no conflict of interest under the Code of Professional Responsibility in the present or future representation by Petitioners of clients opposing Wachovia Securities based on the alleged prior representation of Wachovia Securities or IJL" and an order that "Wachovia Securities cease threatening or making motions to disqualify petitioners." (Petition at ¶¶ A & B.) According to Paduano, this action is necessitated by defendant Wachovia Securities's ("Wachovia") "frivolous" motion to disqualify Paduano from representing Prudential Securities, Inc. ("Prudential") that Wachovia filed in an on-going arbitration between Prudential and Wachovia commenced in July 2001. Neither party has sought a stay of that arbitration proceeding between Prudential and Wachovia.

On January 14, 2002, the State Supreme Court issued an ex parte order to show cause and granted Paduano leave to conduct expedited discovery. Wachovia's opposition papers and discovery responses were due on January 24, 2002. Rather than responding to that order, Wachovia removed the matter to this Court on January 22, 2002, invoking diversity jurisdiction under 28 U.S.C. § 1332.

Paduano resubmitted the petition for an order to show cause that it had submitted

to the state court. This Court ordered additional briefing and held a hearing in the matter on February 7, 2002, to determine whether it has jurisdiction. On the record before it, the Court concludes that it lacks jurisdiction over the present dispute.

### DISCUSSION

■ A removable civil action is one over which a United States district court would "have original jurisdiction." 28 U.S.C. § 1441. Removal jurisdiction, therefore, may be founded on either subject matter or diversity jurisdiction.[1] *See* 28 U.S.C. §§ 1331 and 1332. The burden of establishing that a case falls within the Court's removal jurisdiction falls upon the removing party, here, Wachovia. *See New York v. Lutheran Ctr. for the Aging,* 957 F.Supp. 393, 397 (E.D.N.Y.1997); *Rossbach v. Lorillard, Inc.,* 71 F.Supp.2d 221, 222 (S.D.N.Y.1999); 28 U.S.C. § 1446(a) (Subject to Fed.R.Civ.P. 11, the party seeking removal of an action to the federal courts shall file "a short and plain statement of the grounds for removal."). To meet its burden, Wachovia must "support [jurisdictional] facts with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 304–05 (2d Cir.1994) (quoting *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

■ Because federal courts are courts of limited jurisdiction, courts must police subject matter delineations on their own initiative. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583, 119 S.Ct. 1563,

143 L.Ed.2d 760 (1999) (citing Fed. R.Civ.P. 12(h)); *Lyndonville Savings Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700 (2d Cir.2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.*"); *Creaciones Con Idea, S.A. de C.V. v. MashreqBank PSC,* 75 F.Supp.2d 279, 280–81 (S.D.N.Y.1999) (*sua sponte* dismissal for lack of subject matter jurisdiction under 28 U.S.C. § 1332).

Likewise, in this Circuit, courts "construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enters., Inc.,* 932 F.2d 1043, 1046 (2d Cir.1991); *see also Rossbach,* 71 F.Supp.2d at 222; *Negrin v. Alza Corp.,* No. 98 Civ. 4772, 1999 WL 144507 at *1 (S.D.N.Y. March 17, 1999). As such, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447; *Lutheran Center for the Aging,* 957 F.Supp. at 393 (ordering remand where defendant failed to establish subject matter jurisdiction).

Diversity jurisdiction is appropriate where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States." 42 U.S.C. § 1332. There is no dispute that Paduano and Wachovia have diversity of citizenship under 28 U.S.C. § 1332. However, based on the parties' written submissions and oral arguments, Wachovia has not established by a preponderance of the evidence that Paduano's claims meet the amount in controversy threshold.

■ Where injunctive relief is at issue, the value of the right protected or the

---

1. Federal question jurisdiction, under 28 U.S.C. § 1331, is not at issue here. (Letter of Joel E. Davidson to Court dated 2/8/02.)

injury sought to be avoided, constitutes the measure of the amount in controversy. *Kheel v. Port of New York Authority,* 457 F.2d 46, 49 (2d Cir.), *cert. denied,* 409 U.S. 983, 93 S.Ct. 324, 34 L.Ed.2d 248 (1972). If it appears to a legal certainty that the amount in controversy requirement cannot be met, the district court lacks jurisdiction. *See Saint Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *McLaughlin v. NASD,* 733 F.Supp. 694, 697 (S.D.N.Y. 1990). It follows that a party may not rely upon a claim for damages that may not be legally awarded under state law in order to meet the threshold amount in controversy requirement. *See Schwartz v. Victory Container Corp.,* 294 F.Supp. 866, 867 (S.D.N.Y.1969).

Paduano filed this action for a declaratory judgment and an injunction. Accordingly, the value of the controversy must be measured by the underlying rights Paduano seeks to vindicate. At oral argument, Wachovia argued that the rights at issue consist of: (1) the value of the underlying arbitration between Wachovia and Prudential; and (2) the total sum of all attorneys fees Paduano will earn for its representation of Prudential in the underlying arbitration and may earn for legal services that it might render in the future, on behalf of clients adverse to Wachovia. According to Wachovia, the cumulative pecuniary value of these rights would clearly exceed the $75,000 threshold.

■ At best, Wachovia's assertions are speculative. At worst, they raise serious constitutional questions. First, the only dispute before this Court is the action filed by Paduano, on its own behalf, against Wachovia. For the purposes of § 1332, these parties are the "citizens of different states" which have a "controversy" before this Court. 42 U.S.C. § 1332. The underlying arbitration between Prudential and Wachovia is not before this Court. Ac-

cordingly, the Court will not consider the monetary value involved in that arbitration in calculating the amount in controversy at stake in this separate and distinct dispute.

Wachovia's citation to *Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 757 F.Supp. 283 (S.D.N.Y.1991) is unavailing. It is entirely correct that the court in *Hough* assessed the amount in controversy by reference to the amount at stake in the underlying arbitration. *Id.* at 285–86. That assessment, however, was based on the fact that plaintiffs in the subsequent district court action were the original claimants in the arbitration who were effectively seeking to vacate the arbitration award. *Id.*

The facts in the present dispute are distinguishable in several material respects. First, the merits of the underlying arbitration are not and cannot be at issue here. Neither party has moved to stay the arbitration, and it is doubtful that there would be sufficient grounds to impose such a stay. Second, the controversy before the Court is an action between Paduano, not a party to the arbitration, and Wachovia based on legal claims that are separate and distinct from those at issue in the arbitration. Thus, *Hough* does not support the amount in controversy assessment advanced by Wachovia here.

Second, the Court finds no legal authority on which to support a grant of the prospective relief in the declaratory judgment sought by Paduano. "The existence of a real case or controversy is an irreducible minimum of the jurisdiction of the federal courts" even where the relief requested is declaratory. *United States v. City of New York,* 972 F.2d 464, 469 (2d Cir.1992) (citations omitted); *Hansel v. U.S. Supreme Court,* 141 F.3d 1151, 1998 WL 88045 at *1 (2d Cir.1998); *see also* 28 U.S.C. § 2201 (permitting declaratory judgments to be issued only "in a case of actual controversy"). A declaration of

rights may only be sought where an actual case or controversy exists, that is "definite and concrete," not abstract or hypothetical. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

The only case or controversy before the Court is that of Paduano's current representation of Prudential. To the extent that Paduano seeks a "going-forward" declaration of its right to represent any and all clients adverse to Wachovia in any and all future matters, Paduano's interests are remote and speculative. It would require the Court to make unsupported assumptions not only as to the amount of fees Paduano would charge, but more significantly that under whatever facts and circumstances prevailing in every such case, Paduano's representation of the client involved would not conflict with Paduano's past representation of Wachovia. Any such declaration would be in excess of this Court's authority under Article III, Section 2 of the United States Constitution. Accordingly, the Court excludes from the calculation of amount in controversy the value of any future attorneys fees that Paduano might possibly bill in the future for its representation of clients adverse to Wachovia.

Thus more narrowly tailored, a district court legally could award a declaratory judgment only with respect to the controversy immediately before it. On the record before the Court, Wachovia has not shown a reasonable probability that Paduano would stand to gain in excess of $75,000 for the legal services it will render to Prudential in connection with the underlying arbitration. At oral argument on February 7, 2002, Wachovia opined that Paduano would enjoy billing Prudential five times the jurisdictional amount, but

provided no factual substantiation that the underlying arbitration might be worth $75,000 to Paduano in fees.[2] By affidavit, Wachovia indicated that Paduano had charged Interstate/Johnson Lane $70,000 over four years of legal representation. (Affidavit of Pamela P. Warnement, at ¶ 12.) This figure, however, has no direct relationship to the underlying arbitration. Wachovia, therefore, asks the Court to infer jurisdiction; such an inference would be both unreasonable on the record before the Court and unconstitutional.

Despite being afforded an " 'appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of [the jurisdictional amount] is reasonably possible,' " *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 88 (2d Cir.1991) (quoting *Arnold v. Troccoli*, 344 F.2d 842, 846 (2d Cir.1965)), Wachovia did not meet its burden. On the record before it, the Court must conclude that Wachovia did not properly invoke diversity jurisdiction. As such, the matter must be remanded to the state courts.

### ORDER

For all of the foregoing reasons, it is hereby

**ORDERED** that the Clerk of Court remand this action pursuant to 28 U.S.C. § 1447 to the State Supreme Court, New York County, and transfer all necessary documents and records to that court; and it is finally

**ORDERED,** that the Clerk of Court is directed to close this case.

**SO ORDERED.**

---

**2.** By contrast, Paduano represented to the Court that the firm's typical bill for a matter such as the underlying arbitration would range between $20,000—$30,000. This amount falls far short of the $75,000 threshold under 28 U.S.C. § 1332.