■ In the Matter of the Arbitration between YVES SAINT LAURENT PARFUMS CORP., as Successor to CHARLES OF THE RITZ GROUP, LTD., et al., Appellants, and REVLON GROUP INCORPORATED, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered February 2, 1990, denying petitioners' application and dismissing their petition and granting respondent's counterclaim to confirm the arbitration award to the extent of reducing the purchase price under the parties' purchase agreement by $941,932.00, unanimously affirmed, with costs.

As the result of disputed claims arising out of the purchase agreement with respect to respondent's purchase from petitioners Yves Saint Laurent Parfums Corp., et al., of a subsidiary, the parties engaged in arbitration. In the early stages of

arbitration, the parties independently agreed to settle some of the disputed amounts and the arbitrator rendered an arbitration award, exclusive of the parties' independent agreement, directing that the purchase price be reduced in the amount noted in the order and judgment.

The court properly denied petitioners' application and confirmed the award, to the extent sought by respondent's counterclaim, excluding those disputed claims which had neither been submitted to arbitration, considered by the arbitrator, nor resolved in the award. The parties' independent agreement on the disputed claims was without the scope of arbitration (Matter of Lange-Finn Constr. Co. [Joyce & Sons], 50 AD2d 696, affd 41 NY2d 814; see also, Matter of Gruberg [Cortell Group], 143 AD2d 39). We also reject petitioners' claim that the court should have awarded interest, in connection with the award, since neither the award nor judgment directed payment of any monies, recognizing that the parties' interim settlement agreement provided that payment would not be due until all disputed claims, some of which are pending in litigation, are resolved and final offsets may be calculated. An award of interest, under these circumstances, would have been premature and improper (Matter of Gruberg [Cortell Group], supra). Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Smith, JJ.